## HUDGINS v. MORROW ET AL.

1. MORTGAGE: *Redemption.*
   The act of March 17, 1879, (*Mansf. Dig., sec. 4759,*) for the redemption of property from mortgage sales, has no application to mortgages executed before the passage of the act.

2. SAME: *Power of sale not revoked by death of mortgagor.*
   A power of sale coupled with an interest cannot be revoked by a mortgagor, and his death cannot defeat or suspend the right to execute the power.

3. SALES: *When set aside for inadequacy of price.*
   Inadequacy of price alone will not authorize the setting aside of a sale, but is significant only when connected with other facts tending to show bad faith, mistake, or undue advantage taken of the weakness or ignorance of persons whose property rights are affected by the sale, or with some other ground of equitable relief.

APPEAL from *Jefferson* Circuit Court in Chancery.
Hon. JOHN A. WILLIAMS, Circuit Judge.

*N. T. White* for Appellant.

The findings of the court are not sustained by any evidence.

The legal title was in the trustee. *Perry Trusts., sec. 315; 15 Ark., 55; 11 Id., 94; 18 Id., 85; 42 Id., 504.* Deeds of trust are not affected by the death of grantor. *Jones on Mortgages, sec. 1792.* There is not a *scintilla* of proof that there was any unfairness, injustice, or inequity in the sale, so the decree was based solely on inadequacy of price, and this is not of itself sufficient to vacate a sale. *122 Mass., 122; 11 Mo., 211; 19 W. Va., 1; 53 Tex., 37; 24 Minn., 417.*

No appraisement was necessary under *Act March 17, 1879. 40 Ark., 423; 1 Howard, 311.* Nor did appellees have the right to redeem under *Mansf. Dig., sec. 3072,* for this applies only to sales under decrees of courts; and besides, it reserves no right to minors after twelve months. *Secs. 3067 to 3071 Mansf. Dig.* See also *Jones Mortg., sec. 1915* and *31 Mich., 426.*

*W. P. Stephens* and *John McGregor* for Appellees.

Where there is abuse of confidence or ingredients of a suspicious nature or peculiar relations between the parties, gross inadequacy of price furnishes the most vehement presumption of fraud. *Kerr on Fraud and Mistake, p. 187; 1 Story Eq. Jur., sec. 246; 38 Ark., 584; Perry on Trusts, sec. 602, (O.); Jones on Mortg., secs. 1906–9–11–15.* And where the parties are minors, not able to protect their rights, the sale will be more readily set aside. *Jones Mortg., sec. 1911.* Less than fraud will do *38 Ark., 590–1.*

But appellees had the right to redeem. They had no day in court. There should have been a suit to foreclose. *38 Ark., 589; 42 Id., 222.*

This was nothing but a mortgage. *4 Neb., 308; 19 Am. Rep., 658; 1 Peters, 441; 43 Ark., 519.*

As to their right to redeem see *Mansf. Dig., secs. 3067, 3072.*

COCKRILL, C. J. Suit was begun, by the appellees, in the Jefferson circuit court in chancery, in October, 1884, to redeem lands that had been sold under a deed of trust with power of sale and purchased by the appellant in March, 1880, and to cancel the deed executed by the trustee to him as purchaser. The trust deed was executed by W. T. Morrow in the spring of 1878, to secure a debt of $445, due to one Meyer, evidenced by a note maturing in the winter of the same year. The note was not paid at maturity and the trustee advertised the lands for sale in accordance with the terms of the deed, but before the day of sale arrived Morrow, the grantor, died, and the sale was postponed at the instance of the administrator of his estate. Subsequently the lands were again advertised by the trustee and the sale made at which the appellant became the purchaser, his bid being $550, which was paid and applied to the satisfaction of Meyer's debt and the costs of executing the trust. The lands were worth about $1600 at the time of sale.

*I. MORTGAGE: Redemption.*

The appellees are the heirs at law of Morrow, and some of them were still minors at the institution of this suit.

The court granted the prayer of the complaint, found that the rents received by the appellant had reimbursed him for all expenditures made, canceled his deed and decreed that the appellees be let into possession of the lands.

The record presents nothing upon which the decree can be sustained.

At the date of the execution of the deed of trust there was no provision in our law for redemption from a sale made by a trustee under such a deed. The act of March 17, 1879, (*Mansf. Dig., sec. 4759,*) confers the right of redemption in such cases, but in the case of *Robards v. Brown, 40 Ark, 423,* it was ruled that this act could not be held to apply to instruments executed before its passage, and that case is decisive of this upon the question of redemption.

2. Power not revoked by death of mortgagor.    No fact is shown that furnishes a reason for canceling the deed executed by the trustee to the appellant. The power of sale contained in the mortgage executed by Morrow—for the deed was in effect only a mortgage—being coupled with an interest in the lands, could not be revoked by him, and his death did not defeat or suspend the right to execute the power. *Connors v. Holland, 113 Mass., 50; 2 Jones Mortg., sec. 1792.*

3. SALES:— When set aside for inadequacy of price.    The closest scrutiny of the facts does not disclose any circumstance of fraud, unfairness or irregularity about the sale, or any abuse by the trustee of the confidence reposed in him. The inadequacy of the price paid for the lands is left alone to support the decree. But that fact has significance only when taken in connection with others tending to show bad faith, mistake, an undue advantage taken of the ignorance or weakness of the persons whose property rights will be affected by the sale, or some other of the grounds of equitable relief. *Fry v. Street, 44 Ark., 502; King v. Brooken, 122 Mass., 122; Klein v. Glass, 53 Texas, 37; Kline v. Vogel, 11 Mo. App., 211; Graffam v. Burgess, 117 U. S., 180.* None of these is made to appear.

Reverse the decree and dismiss the complaint.