OPHELIA GREER ET AL. v. MINNIE BRINGHURST ET AL.

Decided May 16, 1900.

1. **Description of Land—Probate Sale.**

See description in probate sale proceedings held insufficient to identify land claimed thereunder.

2. **Trial—Reopening Case for Evidence.**

No reversible error was committed in refusing to permit the introduction of further evidence during the argument or after it had closed.

3. **Default—Effect of Judgment for Codefendant—Warrantor.**

Defendants against whom default had been taken were entitled to judgment in their favor where their codefendants holding the same title, who had conveyed to them and were liable on their warranty, interposed a successful defense, though the latter did not defend for their vendees and were not impleaded as warrantors.

**4. Contenancy—Answer of One.**

See opinion as to answer of one joint owner enuring to the benefit of his co-tenants.

**5. Partition—Pleading.**

Decree of partition must be based upon proper pleading seeking such judgment.

ERROR from Harris, Fifty-fifth District. Tried below before Hon. WILLIAM H. WILSON.

The following statement of the description of the land given in the pleadings, conveyances, and orders of court is taken from the brief for defendants in error Coghlan et al.:

The land is described in plaintiffs' petition as follows:

"Two hundred and thirty-six (236) acres of land out of a survey of four labors of land granted to Charles B. Stewart, assignee of John S. Collins of Harris County, State of Texas, north of and adjoining the survey made for John Austin beginning at the S. W. corner of said grant to Stewart at a stake from which a pine 24 inches in diameter marked 'L' bears north 77½ west 31 varas, and also a red oak 8 inches in diameter marked 'L' bears north 8, west 7 varas on the north boundary line of two leagues of land granted to John Austin, thence north 2007 varas to the northwest corner of the said Stewart's survey, from which two blackjacks five inches in diameter bears east and west marked 'X', thence east 664 varas, thence south 2003½ varas to the Austin line, thence with said line south 89½ west 665 varas to the place of beginning.

"The land is described in the deed from Moseley Baker, by administrator, to R. Chappel as follows:

"An undivided one-half interest in 260 acres more or less, a part of the C. B. Stewart tract.

"The land is described in the deed from Chappel to Greer and Hunter as follows: All and singular my right, title and claim in and to the following described land and premises, to wit: An undivided one-half interest of 260 acres of land out of the C. B. Stewart survey on or near White Oak Bayou in Harris County, Texas, being the same land and premises conveyed to me by John F. Crawford, administrator of the estate of Moseley Baker by deed, dated the —— day of ———, recorded in book ——, record of deeds of said county, which said deed and description is particularly referred to and made part hereof.

"Petition for order of sale filed by John F. Crawford, administrator, describes the land as follows: An undivided one-half interest in 260 acres, more or less, a part of the C. B. Stewart survey. The description in the order of sale is just the same.

"It is so described in the new order of sale; in the report of sale; in the account of sales. The motion was made that the court file conclusions of law and fact. The conclusions of law and fact were filed. And judgment was rendered that plaintiffs take nothing as to these defendants. The case was tried by the court without a jury."

*Lock McDaniel,* for plaintiffs in error.

*W. C. Oliver,* for defendants in error, Boetcher and Hueni.

*Edgar Watkins* and *Frank C. Jones,* for defendants in error, Catherine M. Coghlan et al.

KEY, Associate Justice.—This is an action of trespass to try title. There was a nonjury trial resulting in a verdict against the plaintiffs as to all the defendants except Arno Boetcher and Emil Hueni, against whom judgment was rendered by default for part of the land.

The plaintiffs attempted to show title through a probate sale, which the trial court held was insufficient, because the description of the land sold, given in the probate proceedings, did not identify it with the land described in the plaintiff's petition. We think this ruling was correct.

We are also of the opinion that the court did not abuse its discretion in refusing to permit the plaintiff to recall a witness who had previously testified, although the request was made before the argument had closed. Nor was error committed in refusing to open the case and hear further testimony after the argument was closed and before judgment was rendered.

We adopt the trial judge's conclusions of fact and law, except as hereafter stated. The defendants Boetcher and Hueni complain of the judgment against them for the following reasons:

It appears from the testimony that two of the defendants, Monroe Coghlan and his wife Catherine Coghlan, conveyed 19⅔ acres, part of 73 acres claimed by them in their answer, to the defendants Kaltemeyer, Boetcher, and Hueni. The Coghlans and Kaltemeyer pleaded not guilty and the statute of limitation as to the 19⅔ acres, and as to them, the judgment went against the plaintiffs. Under these circumstances, although Boetcher and Hueni did not answer, it is contended that the same judgment should have been rendered as to them that was rendered for Kaltemeyer and Coghlan and wife.

We think this contention is correct. It is stated in the brief of Boetcher and Hueni that Coghlan and wife warranted the title to the 19⅔ acres of land, and this statement is not denied in the opposing brief contesting Boetcher and Hueni's right to a reversal. Under the circumstances stated, we think Boetcher and Hueni were entitled to all the benefit resulting from the answer filed by Coghlan and wife, although the former had not impleaded the latter, and the latter did not state in their answer that they were defending for their vendees. Furthermore, there are authorities that seem to support the contention that the answer of Kaltemeyer, who was a joint owner with Boetcher and Hueni, inured to his benefit by reason of their common ownership. 5 Enc. of Pl. and Prac., 994-996; Clason v. Morris, 10 Johns. (N. Y.), 524.

It also seems that there was no pleading authorizing a partition be-

tween Kaltemeyer, Boetcher, and Hueni; and therefore judgment of partition between them should not have been rendered.

Hence our conclusion is that the judgment of partition should be set aside, as well as the judgment for the plaintiffs against the defendants Boetcher and Hueni, and the judgment of the court below be so reformed as that the plaintiffs shall take nothing by their suit and pay all the costs of both courts.

*Judgment affirmed in part and reversed and rendered in part.*

Writ of error refused.