## J. W. Payne v. K. M. Godfrey et al.

Decided May 7, 1910.

**1.—Trespass to Try Title—Special Damages—Pleading.**

Damages for the removal of a house from the tract of land in controversy by the defendant in trespass to try title, are not recoverable in the absence of pleading setting up said fact. A prayer for damages in general terms is not sufficient.

**2.—Same—Fundamental Error—Judgment Without Pleading.**

In the absence of pleading setting up the facts, a judgment in trespass to try title for damages for the removal of a house from the land in controversy is such fundamental error as will require the appellate courts to reverse the judgment although there was no assignment of error based thereon.

Appeal from the District Court of Collingsworth County. Tried below before Hon. S. P. Huff.

*J. L. Lackey* and *Theodore Mack,* for appellant.—The pleadings did not authorize or justify the judgment of $300 damages suffered, for the reason that the action was a statutory action of trespass to try title and for damages in the sum of $10 a month for rents. Hence, the court erred in awarding judgment in the sum of $300, the value of the house removed, denominated as damages to the property. The evidence merely showed use and occupancy with no evidence of rental value. The evidence, however, showed a conversion of the build-

ing on the lot which was not pleaded. Alamo Fire Ins. Co. v. Davis, 45 S. W., 604, 605; Salinas v. Wright, 11 Texas, 577; Western U. Tel. Co. v. Henry, 87 Texas, 165, 169; Moody v. Benge, 28 Texas, 545; Cook v. Arnold, 36 S. W., 344.

*R. H. Templeton* and *J. K. Duke,* for appellees.

DUNKLIN, ASSOCIATE JUSTICE.—Godfrey and Williamson instituted this suit in the form of trespass to try title to recover of J. W. Payne a lot of land in the town of Wellington. Judgment was rendered in favor of plaintiffs for title and possession of the property, and also for the sum of three hundred dollars as damages. It appears from the record that the sum allowed as damages was allowed as the value of a house erected on the lot by the defendant, and by him removed from the premises. In their petition plaintiffs failed to allege that defendant had removed the house, nor did they sue to recover its value, unless they were entitled to such relief under their prayer in general terms, for damages.

Appellant insists that the judgment for the value of the house was not warranted by the pleadings, and we think the contention correct. We are of the opinion further that the error is fundamental, requiring consideration here even though it was not included in the assignments filed by appellant in the trial court. Alamo Fire Ins. Co., v. Davis, 45 S. W., 604, and authorities there cited.

In oral argument counsel for appellant have conceded that there is no merit in the other assignments contained in their brief, and therefore those assignments will not be discussed.

For the error noted above the judgment in appellees' favor for three hundred dollars damages is reversed and judgment is here rendered in appellant's favor in respect to the damages claimed, but in all other respects the judgment is affirmed.

*Reformed and affirmed.*