## KENNEDY v. WALKER.

(Court of Civil Appeals of Texas. Dallas. June 3, 1911. Rehearing Denied June 24, 1911.)

1. TRIAL (§ 191*) — INSTRUCTIONS — ASSUMPTION BY JUDGE AS TO FACTS.

It was not error to instruct that notice of a sheriff's sale had not been published for a sufficient length of time, where the facts conclusively showed that to be true.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420-435; Dec. Dig. § 191.*]

2. TRIAL (§ 260*) — INSTRUCTIONS — SUFFICIENCY.

In an action to set aside a sheriff's sale for lack of notice and for gross inadequacy of price, a charge that, to find for plaintiff, the jury must believe the land sold for a grossly inadequate price covered the issue that a mere irregularity not affecting the amount of the price would not vitiate the sale.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651-659; Dec. Dig. § 260.*]

3. JUDICIAL SALES (§ 45*)—ACTIONS TO SET ASIDE — PRESUMPTION — INADEQUACY OF PRICE.

Where a sheriff in making a sale of certain lands failed to give the notice required by law and the lands were sold at an inadequate price, it will be presumed that the irregularity affected the price, and in an action to set aside the sale the burden will be upon defendant to rebut such presumption.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 83; Dec. Dig. § 45.*]

4. JUDICIAL SALES (§ 45*)—ACTIONS TO SET ASIDE—ESTOPPEL.

Plaintiff who lived in one county recovered a judgment in a second county, and proceeded to sell land belonging to his creditor, situated in a third county. Plaintiff by his attorney

mailed the sheriff of that county instructions to bid in the land for the amount of the judgment, which was $947. The sheriff did not receive these instructions, though neither plaintiff nor his attorney knew that fact, and the land was sold for $12. Soon after the sale, plaintiff tendered the purchaser the amount paid and his expenses. *Held*, that plaintiff was not estopped from setting aside the sale, for he was interested in the land bringing its fair value, to pay his judgment.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 83; Dec. Dig. § 45.*]

Appeal from District Court, Henderson County; B. H. Gardner, Judge.

Action by S. A. Walker against C. P. Kennedy. From a judgment for plaintiff, defendant appeals. Affirmed.

E. P. Miller and W. R. Bishop, for appellant. Callaway & Callaway, for appellee.

RAINEY, C. J. This is an action to set aside a sheriff's sale of a tract of land in Henderson county, made by virtue of an order of sale issue by a court of competent jurisdiction. Appellee recovered a judgment against J. R. Vancil and A. J. Moore in the district court of Comanche county, Tex., on a vendor's lien note and foreclosing the vendor's lien on 80 acres of land. An order of sale was issued by virtue of said judgment to the sheriff of Henderson county. The sheriff of Henderson county advertised said land, and on January 4, 1909, sold said land under said order of sale to appellant for the sum of $12.75. The grounds for setting aside said sale are that the said land was not advertised for sale the length of time required by law and that the price was grossly inadequate. Appellant pleaded the general issue, and specially that appellee was estopped from urging said grounds, as the sale was made through his procurement and at his instance; also, that appellant was an innocent purchaser, and not chargeable with the delinquencies of the sheriff, and had given value for said land. A trial resulted in a verdict and judgment for appellee, from which this appeal is taken.

[1] The first assignment of error is that "the court erred in instructing the jury that the facts in this case show that the notice of the sheriff's sale was not published for the length of time required by law." There was no error in the court so charging, as the facts show conclusively that the sale was published in the Athens ˙Review, a newspaper published at Athens, Henderson county, for a period less than the time required by law, to wit, 18 days. The first publication was made in the issue of December 16, 1909, the next issue December 23, 1909, and in the last issue December 30, 1909. It only occurred three times. The sheriff's return shows that it was published for a sufficient length of time, but his testimony shows that he went to the printing office on November 25, 1909, and made arrangements for

the publication, and he did not know whether it was made or not, paid no attention to it after making the arrangements for the publication; just assumed that it had been made. The proprietor of the Athens Review exhibited the three issues in which the notice appeared, as above stated, and testified that these were the only issues in which the notice of sale had appeared.

[2] The assignment of error reads: "The court erred in refusing to give in charge to the jury this defendant's special requested charge No. 1, as follows: 'You are instructed that an inadequacy of price, which could not be considered gross, would not be sufficient, together with the irregularity of failure to give sufficient notice to set aside the sale, and unless you find that the land sold at a price which was not only inadequate, but grossly so, you will find for defendant Kennedy.' "

The proposition presented is: "Where the evidence was conflicting, it was the sole province of the jury to determine whether the land sold for a grossly inadequate price, and this defendant was consequently entitled to an affirmative presentation to the jury by instruction of the negative side of this question, and the court having failed in his main charge to present affirmatively the negative side of the question to the jury, it was error to refuse a proper charge presenting it."

There was no error in the court refusing said special charge, as the issue was duly covered by the court in his main charge. The court instructed the jury, in effect, that in order to find for plaintiff they must believe the land sold for a grossly inadequate price, but if they did not so find to return a verdict for defendant. This sufficiently protected defendant's interest and complied with the law.

Appellant contends that "mere irregularity in making a judicial sale, when taken in connection with gross inadequacy of price, will not alone, as a matter of law, be held a sufficient ground for vacating such sale, and where there is evidence showing that the irregularity did not conduce to the inadequacy of the sum bid, it is an issue for the jury to pass upon, and the court erred in ignoring this issue in his charge to the jury."

The appellant requested a charge which was refused, to the effect that if they believe the irregularity was in no way responsible for the price at which said land was sold, to find for the defendant, and appellant quotes evidence which he claims raises the issue.

[3] We do not think the evidence relates in any way to whether or not the irregularity conduced to the inadequacy of the price for which said˙land sold. The question then is: The evidence being silent on

this point, did the court have a right to assume that the mere irregularity was sufficient, if there was an inadequacy of price, to set aside the sale? The rule, as we understand it, is that, in actions to set aside judicial sales, where the plaintiff shows an irregularity calculated to affect the sale, and there is a gross inadequacy of price, he has made a prima facie case, and it then devolves upon the defendant to show that such irregularity did not conduce to the inadequate price. Martin v. Anderson, 4 Tex. Civ. App. 111, 23 S. W. 290; Irvin v. Ferguson, 83 Tex. 491, 18 S. W. 820; Weaver v. Nugent, 72 Tex. 280, 10 S. W. 458, 13 Am. St. Rep. 792; Pearson v. Flanagan, 52 Tex. 280; Allen v. Stephanes, 18 Tex. 658; Jackson v. Steffens, 32 S. W. 862.

While the precise point was not touched upon in all of the above cases, we think the implication is fair that they hold in the absence of proof that the irregularity did not conduce to the inadequacy of price, and it is a question of law whether or not such irregularity was calculated to affect the sale, if so, the presumption follows that it did have that effect.

There was abundant testimony that the land brought a grossly inadequate price. Some of the witnesses placed the value of the land at $5 per acre, while it was sold by the sheriff at the small sum of $12.75 for the whole tract.

The sixth assignment of error is: "The court erred in refusing to give in charge to the jury this defendant's special requested charge No. 3, as follows: 'You are instructed that it is the duty of the plaintiff in execution, who places in the hands of the sheriff an order of sale, to see that the sheriff gives due notice of sale, and also to protect himself in the price at which the property is to be sold. In this connection, I charge you that if you believe from the evidence that the plaintiff negligently allowed the land in controversy to be sold without due notice of sale, and negligently allowed said land to be sold at an inadequate price, he would be estopped from contending that the sale should be set aside, and if you so find your verdict will be for the defendant, Kennedy.'"

[4] We do not think, under the circumstances of this case, plaintiff was estopped from seeking to have the sale set aside. It is true that plaintiff was the actor in having the sale made and ordinarily his negligence, if any, would affect him, but we do not consider that he was guilty of any in this instance. It is true that neither he nor his attorney was present on the day of sale. He lived in El Paso county, and his attorney in Comanche county. The judgment was obtained in Comanche county, upon which the order of sale was issued. It was sent to the sheriff of Henderson county with directions to advertise and sell. The plaintiff, by his attorney, mailed to the sheriff instructions to bid in the land for $947.10, the amount of the judgment. The sheriff claims never to have received said instructions, but neither plaintiff nor his attorney was aware that such instructions had not been received. The plaintiff had the right to presume that the sheriff would do his duty in regard to the execution of the writ, and he had no notice of the failure to properly advertise the land, and supposed his bid would be made at the sale, which he had the right to do. Wilson v. Aultman, 39 S. W. 1103. Plaintiff was interested in the land bringing its fair value, if equal to his judgment, as well as it was the interest of the owners of the land to have the judgment paid by the land bringing as much as possible. Soon after the sale plaintiff tendered to defendant the amount of his bid for the land and the amount he had paid for recording the deed, etc., but the tender was declined and suit immediately was instituted.

The facts show a meritorious case, and we find no reversible error in the record, and the judgment is affirmed.