## EVANTS v. ERDMAN.

(Court of Civil Appeals of Texas. Amarillo. Feb. 8, 1913.)

1. APPEAL AND ERROR (§ 757*)—BRIEFS—INSTRUCTIONS—REVIEW.

An assignment of error as to a paragraph of the charge not copied in the brief will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3092; Dec. Dig. § 757.*]

2. TRIAL (§ 203*)—INSTRUCTIONS—ISSUES.

Where plaintiff, by supplemental petition, pleaded estoppel, and the testimony of two witnesses tended to support such issue, but the general charge failed to submit the issue, it was error to refuse a request to charge thereon.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

3. TRESPASS TO TRY TITLE (§ 33*)—PLEADING—SPECIAL PLEA—DEFENSES.

Where defendant in trespass to try title pleaded his title specially, claiming the land under a parol contract of sale, followed by possession and improvements, without any other special defense, he thereby waived all other defenses.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 42–49; Dec. Dig. § 33.*]

4. APPEAL AND ERROR (§ 1078*) — ASSIGNMENTS OF ERROR—DUTY TO BRIEF.

A fundamental error will be reviewed on appeal, notwithstanding appellant's failure to brief it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4256–4261; Dec. Dig. § 1078.*]

5. MORTGAGES (§ 529*)—FORECLOSURE SALE—INADEQUACY OF PRICE.

Mere inadequacy of price is not sufficient ground to set aside a sale on foreclosure of a deed of trust, unless supplemented by proof of bad faith, mistake, or undue advantage taken

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

of the ignorance or weakness of those whose property rights are affected by the sale.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1537–1548; Dec. Dig. § 529.*]

6. TRESPASS TO TRY TITLE (§ 38*)—NATURE OF TITLE—MORTGAGE FORECLOSURE SALE—BURDEN OF PROOF.

Where plaintiff in trespass to try title proved title through a sale under a power contained in a deed of trust, and the proceedings were apparently regular, the burden was on defendant to show that the sale was invalid.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

Appeal from District Court, Randall County; Jno. W. Veale, Special Judge.

Action by W. R. Evants against William Erdman. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Knight & Slaton, of Hereford, for appellant. B. Frank Buie, of Canyon, for appellee.

HALL, J. Appellant, plaintiff in the court below, filed this action in trespass to try title and for damages, alleging that he was the owner in fee simple of certain lots in the town of Umbarger, Randall county. He prayed for title and possession of the lots and improvements, and for damages in the sum of $40 per month during the time appellee had occupied the premises. Appellee answered by general exception, plea of not guilty, and general denial, and that he had purchased the property under an oral contract, and was placed in possession by the owner. By supplemental petition, appellant alleged that appellee was estopped from setting up any claim of title to the property, because appellee, by disclaiming any right or title thereto, had caused appellant to accept a conveyance of the title from the owner. Isadore Mantz was alleged to be the common source of title. In reply to appellant's supplemental petition, appellee, by supplemental answer, alleged that if he did renounce and disclaim any right or title to the property he would not be bound thereby, because he was occupying the same as a business homestead. From a verdict and judgment in favor of the defendant, appellant brings the case to this court for review.

[1] Appellant assigns as error that the third paragraph of the charge is upon the weight of the evidence. The paragraph is not copied in the brief, and, over the objections of appellee, the assignment will not be considered. Galveston, etc., Ry. v. Stevens, 94 S. W. 395; Holton v. Galveston, etc., Ry., 31 Tex. Civ. App. 128, 71 S. W. 408; Hulme v. Levis-Zukoski Mercantile Co., 149 S. W. 781.

[2] The second and third assignments of error complain of the refusal of the court to give appellant's requested charge upon the issue of estoppel. Appellant, by supplemental petition, pleaded estoppel; and there is testimony from two witnesses tending to sup-

port the plea. In the general charge the court failed to submit this issue. This constitutes reversible error.

[3-5] The fifth assignment of error is as follows: "The court erred in the second paragraph of his charge to the jury in charging on the inadequacy of price paid for said land at sheriff's sale under execution, because there are no pleadings of any nature whatever calling for or authorizing any charge on the inadequacy of the price at such sale." Appellee pleaded his title specially, claiming the land under a parol contract of sale, followed by possession and improvements. No special defense other than this was pleaded. As we understand the rule, when a defendant in trespass to try title sets up his title specially, he waives all other causes of action and defenses. The rule announced by the courts in some of the cases is that the effect of specially pleading such title is to waive the plea of not guilty, except in so far as it may require the plaintiff to prove a title resting in himself. We think it was error for the court, in the state of the pleadings, to receive testimony upon the issue of inadequacy of price and submit the issue in charge to the jury. This assignment is not briefed so as to entitle it to consideration; but, by reason of the fact that it is fundamental error, and in view of another trial, we have passed upon it. San Antonio Tract. Co. v. Yost, 39 Tex. Civ. App. 551, 88 S. W. 428. In this connection, we desire to state that mere inadequacy of price paid for the lots is not alone sufficient to set the sale aside, unless that fact is supplemented by proof of bad faith, mistake, or undue advantage taken of the ignorance or weakness of those whose property rights are affected by the sale. Hudgins v. Morrow, 47 Ark. 515, 2 S. W. 104.

[6] The sixth assignment of error is that the court erred in his charge, in that it required the plaintiff to prove that the sale of the land in controversy, when made under the trust deed, was regular, and that the sale had been duly advertised in accordance with law, and was free from fraud on the part of the plaintiff and the purchaser, and that the charge also placed the burden upon plaintiff of proving that the sheriff's sale under execution was regular and legally made, and that all the preceding requirements had been fully met. We think this assignment is well taken. When plaintiff proved a sale under execution by introducing a valid judgment and execution, together with the sheriff's deed, all apparently regular, if there was any illegality or irregularity rendering the proceedings void, it was the duty of appellee to assume the burden in establishing such facts; and the same rule applies to a sale by a trustee under a power contained in a trust deed. Maverick v. Salinas, 15 Tex. 57; Kennedy v. Walker, 138 S. W. 1115. The other matters complained of may not reasonably be

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

expected to arise upon another trial, and will not be discussed.

For the errors stated, the judgment is reversed and the cause remanded.