## VANLANDINGHAM et al. v. TERRY.
### (No. 3335.)

Court of Civil Appeals of Texas. Texarkana. Jan. 13, 1927.

**1. Descent and distribution ⬳27—Widow's conveyance of intestate husband's property before birth of posthumous son conveyed only her life estate in undivided one-third, fee vesting in child.**

In suit to try title, where owner's wife, after his death but before birth of his son, conveyed land to defendant, evidence *held* to authorize court to declare as matter of law that son owned fee and defendant owned life estate in undivided one-third.

**2. Judgment ⬳252(5)—In suit to try title, it was error to order partition under general prayer, where pleadings sought only recovery of all of land (Rev. St. 1925, arts. 7364–7401).**

Where, in action to try title under Rev. St. 1925, arts. 7364–7401, neither party by his pleadings sought partition, it was error for court on its own motion to partition land under prayer for general relief, although such partition would have been proper if asked for.

**3. Judgment ⬳252(5)—Under prayer for general relief, court cannot grant relief inconsistent with or different from that specially requested.**

Where pleadings contain prayer for both special and general relief, the court cannot grant relief inconsistent with or entirely different from that asked for in special prayer.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Suit by Mrs. Ella Terry, as next friend for Travis Hollingsworth, a minor, against Mrs. Ida Vanlandingham. After the death of the defendant named, Turner Vanlandingham and another were made parties, and, from a judgment for plaintiff, they appeal. Modified, and affirmed as modified.

At the time he died, to wit, April 27, 1914, J. T. Hollingsworth owned in his own separate right lot No. 4 in block No. 539 of the Earl addition to the city of Tyler. He died intestate, it seems, and left his wife (appellee Ella Terry) and their son (appellee Travis Hollingsworth), who was born about two months after his death, surviving him. On the day after said J. T. Hollingsworth died, his widow, who afterward married one Terry, joined said J. T. Hollingsworth's father and mother in a deed purporting to convey the land to Mrs. Ida Vanlandingham, said J. T. Hollingsworth's sister. This suit was by Mrs. Terry as next friend of her minor son, Travis Hollingsworth, against said Mrs. Ida Vanlandingham, who died while it was pending. After the death of Mrs. Vanlandingham her son, appellant Turner Vanlandingham, and her daughter, appellant Mrs. Lena Newman, and her husband, were made parties and the prosecution of the suit was continued against them. It was statutory in form (articles 7364 to 7401, R. S. 1925), and was to try title to the lot above mentioned. Appellants claimed that said J. T. Hollingsworth during his lifetime made a valid verbal gift of the land to Mrs. Vanlandingham, but, on a special issue submitted to them, the jury found he did not. It appears from recitals in the judgment that the court on his own motion found that appellants and their deceased mother, said Mrs. Ida Vanlandingham, had had the exclusive use of the land from the date of the deed to her, referred to above, to the time of the trial, and that the part of the rents and revenues thereof received by her and them to which the minor was entitled exceeded the value of the life estate in one-third thereof owned by appellants. Having further found that the legal title was in the minor, Travis Hollingsworth, the court rendered judgment in favor of Mrs. Terry as his next friend for the title and possession of the lot, and divesting out of appellants and vesting in the minor any interest in or right to same in appellants.

Butler, Price & Maynor, of Tyler, for appellants.

Gentry & Gray, of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as above). [1-3] While the evidence at the trial authorized the court to declare as a matter of law that the minor owned the fee in the land in controversy and that appel-

lants owned the life estate of Mrs. Terry in an undivided one-third thereof, there were no pleadings authorizing the court to partition the land among said owners, as he in effect did by his judgment. The parties by their pleadings severally sought a recovery of all the land, and neither sought a recovery of a part only thereof and a partition as between himself and the other owners, as he might have done. Article 6082, R. S. 1925; Morris v. Morris, 45 Tex. Civ. App. 60, 99 S. W. 972. Therefore, all the court could properly do by his judgment was to determine the question of title between the parties, and, having done that, leave them free to seek a partition of the land between them if and when they desired it, by a suit for that purpose. Greer v. Bringhurst, 23 Tex. Civ. App. 582, 56 S. W. 947. In so holding we are not ignoring the fact that there was a prayer for general relief in the pleadings of the parties defendant as well as the plaintiff in the suit. The rule is that under such a prayer the court cannot grant relief inconsistent with or entirely different from that asked for in the special prayer. Payne v. Godfrey, 61 Tex. Civ. App. 40, 129 S. W. 163; Jordan v. Massey (Tex. Civ. App.) 134 S. W. 804. The judgment should have been in favor of the minor for the land and the possession thereof, subject to the life estate owned by appellants, and in their favor for said life estate and possession thereof, subject to the rights of the minor as the owner of the fee. Hunting v. Jones (Tex. Com. App.) 221 S. W. 265. It will be modified acordingly, and affirmed as modified.