PERKINS v. LIGHTFOOT.   (No. 476.)

Court of Civil Appeals of Texas.   Eastland.
Oct. 5, 1928.

Rehearing Denied Nov. 23, 1928.

J. L. Alford, of Rising Star, and D. K. Scott, of Cisco, for appellant.

C. C. Hampton, of De Leon, and Grisham Bros., of Eastland, for appellee.

LESLIE, J. In the fall of 1923 the plaintiff, W. C. Lightfoot, and the defendant, Frank Perkins, formed a partnership for the purpose of dealing in cotton. At the end of the season the partnership was dissolved, and Perkins made an income tax report of the partnership affairs. The report showed a profit of $1,414.48. This was divided between the partners. In April, 1927, a revenue agent called on Perkins for a recheck of the partnership account, and demanded a tax on income not evidenced in said report. Upon a recheck, the agent demanded payment of taxes on income of approximately $17,000. To this the defendant, Perkins, protested, but paid an additional tax of $196.88, which was submitted to the Department with a report by the revenue agent, signed by him, but not the defendant.

Information of this report coming to the partner, Lightfoot, he instituted this suit, demanding an accounting for undivided profits, and specifically alleging that the net income of the business was $11,843.05, of which he had participated in $1,414.48 thereof; and he more specifically alleged and amplified the same in a supplemental petition, that the defendant, Perkins, converted 25 bales of cotton (of a certain batch of 43 bales) of partnership property to his use, and the plaintiff sought a recovery for his part of this 25 bales to the amount of $1,875.

Among other defenses, the defendant, Perkins, denied that any profits had remained undivided, and, while admitting the payment of the $196.88 on the alleged unaccounted-for profits, he protested that the firm made no such additional income justifying the demand of the income tax man, and claimed that such demand was merely based upon the fact of the defendant's inability to produce, at the recheck of accounts, certain checks and drafts amounting to $17,238.82, but which he had on hand at the making of the first report. The defendant's theory may best be gathered from his testimony upon this trial, especially that portion pertaining to his settlement with the revenue agent:

"He (agent) checked around there and looked and then he says 'You haven't got enough withdrawals on Perkins and Lightfoot account.' I says 'I don't see how you figure it.' He says 'You lack $17,000.00 having enough checks and you will have to pay on $17,000.00 additional income.' I says 'No, I don't owe any $17,000.00 additional income. I lost money all the year, I haven't made any money out of it.' He says 'Well, that's what it looks like to me.' I says 'I will have to check it again.' He says 'I'll tell you what I will do. I will compromise with you, you pay $9,000.00 additional tax.' That made 10,400 and some odd dollars, counting the $1,414.00 that was first rendered. So I said 'Well, how much will that be?' And he said, 'It will be $196.00'. 'Well,' I says, 'I hate to pay on something I don't owe on and I know I don't owe that.' He says 'Well, if you appeal it you will have to pay on $17,000.00.' So I finally settled with him to get rid of it. He said that it would be the best way out of it, and I paid it."

The case was submitted to the jury upon special issues, and upon the answers a judgment was rendered in favor of the plaintiff in the sum of $2,762.18. The defendant has appealed, and the parties will be referred to as plaintiff and defendant.

By ten propositions the defendant contends that the judgment of the trial court is erroneous. The first proposition complains that the court erred in excluding from the jury a portion of W. E. Tyler's testimony wherein he stated, "I further know that he didn't make any money"—referring to defendant. It was objected to as the opinion of the witness. It came after he had testified fully as to such facts as lay within his knowledge, as well as the contents of his bank records. It was merely the opinion of the witness, volunteered upon the issue that the jury was sitting to determine. There was no error in excluding the testimony. McCown v. Terrell (Tex. Civ. App.) 40 S. W. 54; Pioneer, etc., Co. v. Peck, 20 Tex. Civ. App. 111, 49 S. W. 160.

The second proposition complaining of the exclusion of certain testimony is overruled, for the reason that the record discloses that the same testimony was admitted without objection under a different line of questions at various times during the trial. Further, the proposition is not briefed according to the rules. It is not followed by any statement, etc., as required by the rules, and calls for no consideration.

The third proposition complains of the submission of issue No. 1, which is as follows:

"At the close of the partnership, did the defendant have in his possession of the partnership assets, forty-three bales of cotton which had theretofore been purchased with partnership funds?" To this the jury answered "Yes."

Defendant complains that the answer is not supported by the evidence, and that the court erred in predicating a judgment thereon. The petition seeks a recovery of plaintiff's share of profits at the date of dissolution. The question directed the jury's attention to that time. Is the jury's answer to the issue unsupported by evidence? For the answer to the question we look to plaintiff's testimony. It may fairly be assumed that the plaintiff's suit is predicated upon certain information given the plaintiff by the defendant in a telephone conversation about

Thanksgiving, 1923, together with the circumstance of the payment of $196.88 on alleged additional income. In the telephone conversation the plaintiff testifies:

"He told me at that time that we had 43 bales of cotton in the Rising Star yard * * * and that we also had something better than $5,000.00 in money in the bank at Rising Star. * * * "

According to the plaintiff's testimony, the dissolution of the partnership began the latter part of December, 1923, and wound up in the following January. It is thus seen that Lightfoot had the information given by the telephone conversation at least a month prior to the dissolution of the partnership. From the plaintiff's pleadings and testimony, we must conclude that what he says relates to the same 43 bales of cotton frequently spoken of throughout the trial, and not more particularly designated. If there be any evidence that the defendant, Perkins, had in his possession said 43 bales of cotton at any time, it is the statement to that effect made by him in the Thanksgiving telephone conversation. Whatever may be said in appraising the value of this telephone conversation as testimony bearing upon anything therein stated, it would not establish that the cotton was in Perkins' possession "at the close of the partnership" as called for in the issue, and which occurred about January 1, 1924, but a more material consideration is that the jury by its answer finds that said 43 bales were paid for with partnership funds, whereas in response to issue No. 5 submitted to the jury it found that 25 bales thereof was the individual property of the defendant, Perkins, and therefore was "at the close of the partnership" neither in the possession of the defendant as partnership property nor paid for with partnership funds, the vital element in the issue. For these reasons we do not believe the answer of the jury is supported by the testimony.

■ Further, it is fundamental error to submit an issue which has no basis in the pleadings and rest a judgment on the answer of the jury thereto. We fail to see why any issue should have been submitted relative to any 43 bales of cotton. By paragraph 5 of the plaintiff's original petition, and as amplified in the supplemental petition, he evidently sought recovery on an item of 25 bales of cotton, which the jury in answer to issue No. 5 found to be the individual property of Perkins. Recovery in this suit to the amount of $1,875 was claimed by reason of the conversion of this particular 25 bales. There is no pleading in the case calling for an issue as to 43 bales of cotton, and it is fundamental error for the court to in any measure rest a judgment upon the jury's answer thereto. Payne v. Godfrey, 61 Tex. Civ. App. 40, 129 S. W. 163; Co-operative Canal Co. v. Gray (Tex.

Civ. App.) 184 S. W. 242; Evants v. Erdman (Tex. Civ. App.) 153 S. W. 929; San Antonio Traction Co. v. Yost, 39 Tex. Civ. App. 551, 88 S. W. 428; Homesteaders v. Stapp (Tex. Civ. App.) 205 S. W. 743; Sivalls Motor Co. v. Chastain (Tex. Civ. App.) 5 S.W.(2d) 185.

■ It must further be remarked upon this phase of the case that the vice of the issue further appears, in that it authorized a jury to consider the value of the 43 bales of cotton and carry the same into the aggregate of their verdict. It would certainly tend to do so. This would be the logical consequence, notwithstanding the fact that the plaintiff admitted in his testimony that 18 of the 43 bales of cotton were placed by him upon a contract made by him in behalf of the partnership. To what extent the findings of the jury with reference to the 43 bales of cotton finally entered into the aggregate of the sum awarded the plaintiff no one knows, nor can it be ascertained from the record. Its influence is uncertain, and the error cannot be cured by remittitur or otherwise. Dickey v. Phoebe Jackson (Tex. Com. App.) 1 S. W. (2d) 577.

By the fourth proposition the defendant complains that the answer of the jury to issue No. 2 is not supported by testimony. The issue is:

"At the close of the partnership between plaintiff and the defendant, did the defendant have in his possession belonging to the partnership a bank account or money in hand in the sum of $5,000.00?" The jury answered "Yes."

To restate, the dissolution occurred about January 1, 1924. The issue is evidently suggested by the Thanksgiving conversation more than a month prior to the dissolution, in which plaintiff states that he was informed by the defendant that 43 bales of cotton and $5,000 were at Rising Star. According to the plaintiff, the partnership, during its existence, handled thousands of bales of cotton and did a business falling but slightly under a million dollars. Cotton was being purchased and sold daily throughout the season, and the bank account indisputably changed from day to day. Further, it is admitted by the plaintiff that on different occasions subsequent to the Thanksgiving conversation the defendant denied that he at any time had had that amount of money in the bank as profits of the partnership. Upon the occasion of their settlement and relative to the information obtained in the telephone conversation, the plaintiff testified:

"When Mr. Perkins and I had an agreement and settlement of the $1,414.48 and I was settled with for my half of the profit, I knew then that we had forty-three bales of cotton and $5,000.00 in the bank there, and I already had some statements about that. * * * I asked him what had become of all the money and he said it had disappeared, he had paid it out."

In this connection, and in another portion of his testimony, he states, in reference to the 43 bales of cotton and the $5,000:

"As to whether I know anything about that except the conversation between me and Mr. Perkins, that is the only way I had of knowing and that is all I knew about it."

■ In connection with these circumstances is the payment by the defendant of the $196.88 taxes on an alleged unaccounted-for income evidence to sustain the particular issues under consideration? In his testimony the defendant denies that such funds were there and the testimony of the bankers with whom he did business, corroborated by their records, indicates that the defendant had no such fund in his possession. Under this record we do not believe that the circumstance standing alone of the defendant's having paid the $196.88 taxes would constitute any evidence that said fund was in the bank *at the close of the partnership*," which occurred about January 1, 1924. Such statements as are attributed to the defendant and the fact that he paid said taxes are, we believe properly appraised as testimony by the opinion in each of the following cases: Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059; First State Bank of Amarillo v. Jones, 107 Tex. 623, 183 S. W. 874; Hall Music Co. v. Robinson (Tex. Civ. App.) 7 S. W. (2d) 625.

We conclude that there is no testimony supporting the answer of the jury to said issue No. 2.

Propositions 3 and 4 are sustained. By the jury's verdict they found that there was on hand "at the close of the partnership" 43 bales of cotton and $5,000 partnership property; that said items were not taken into consideration at the first settlement when a division was made of the $1,414.48 (issue No. 3); that the partnership made profits other than those divided (issue No. 7); and that such undivided profits amounted to $5,524.36. There is no escaping the conclusion that the 43 bales of cotton and the $5,000 involved entered into the verdict of $5,524.36, representing in the jury's mind undivided profits. This is evidently true, although the sale of the 18 bales by the plaintiff and the finding adverse to him on the 25 bales should have eliminated any consideration of the 43 bales in the making up of the verdict.

Being of the opinion that the answers to issues 1 and 2, as submitted by the court, calling for a finding on the existence of said items "at the close of the partnership," are not supported by the testimony, it becomes our duty to reverse the judgment of the trial court. The propositions sustained are controlling, and it is unnecessary to pass upon any other propositions urged by defendant or cross-assignments urged by plaintiff.

The judgment of the trial court is reversed, and the cause remanded.

### On Motion for Rehearing.

■ In his motion for rehearing, the appellee asserts that this court made a voluntary exploration into the record and reversed the cause on points (appellant's propositions 3 and 4) not raised by appellant in the lower court. The points pertain to the sufficiency of evidence, etc., and the contention is that there is no authority for our consideration of them, for the following reasons:

"(A) No objections were urged to the issue (No. 1) by the appellant in the court below. * * * Not having complained of same in the court below by timely objections thereto, all technical objections as observed by this * * * court were by the appellant waived and this court erred in considering the same."

Other objections follow, and the proposition is made:

"If the defendant (appellant) wished to object to Issue No. 1 he should have done so upon the trial of the cause, and having failed to do so, or to request any special issue, we fail to see wherein lies any fundamental issue in this matter that would authorize this * * * court to reverse on this ground."

As stated, propositions 3 and 4 were the basis for this court's consideration of matters of evidence and its probative force. These propositions were germane to assignments of error, as may be seen by reference to the appellant's motion for a new trial, wherein he complained of these matters for the first time. While, as contended by the appellee, "no objections were urged to the issue by the appellant in the court below," yet we do not think it follows, as appellee further contends, as shown by his objections above, that the sufficiency of the evidence to support the jury's verdict may not be considered by this court, even though no objections were urged to the issue.

Let us examine the appellee's objections and contentions aforesaid in the light of article 2190, Vernon's Annotated Civil Statutes, pertaining to the submission of special issues. It provides, among other things, that:

"A claim that the testimony was insufficient to warrant the submission of an issue may be complained of for the first time after verdict."

This would seem to be sufficient authority to warrant this court in giving due consideration to the assignments questioning the sufficiency of the evidence, even though no objections were urged to the issue by the appellant in the trial court. So, when appellant presents a proper assignment and proposition questioning the sufficiency of the testimony to support the verdict, as indicated in this case, it is believed by this court to be a mandatory duty on its part to go carefully into the record in the examination of such matters, and in doing so such act could hardly be regarded as an unauthorized consideration of the record. In further justification

of this court's consideration of propositions 3 and 4, raising an important question for the first time in the motion for new trial, we desire to call attention to the opinion of Chief Justice Phillips in Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 244, 218 S. W. 1030, 1034, wherein he briefly states:

"There is but a single question in the case, and I think the court's opinion should be confined to it. The question is as to the right of a party, under Arts. 1970 and 1971 as amended by the Act of 1913, to complain, in a case submitted on special issues, of an adverse verdict upon a particular issue because of the evidence being insufficient to sustain the verdict thereon, where there was no objection in the first instance to the court's submission of the issue.

"Treating the special issues framed by the court as 'the charge' of the court within the intendment of amended Art. 1971, as I think they should be, the challenge in such a case is only of the verdict, and merely as a verdict without sufficient support in the proof. It is not a challenge of 'the charge.'

"Under amended Art. 1971, it is only objections to 'the charge' which are to be considered as waived if not presented to the court before the charge is read to the jury. The statute does not say that failure to so object to the charge shall, in a motion for a new trial, preclude complaint of the verdict as being without sufficient evidence to sustain it."

Other authorities to the same effect are Navar v First National Bank of Breckenridge (Tex. Civ App.) 254 S. W. 126, 130; Short v. Blair & Hughes Co. (Tex. Civ. App.) 230 S. W. 427; Chicago, R. I. & G. Ry. Co. v. Taylor (Tex. Civ. App.) 225 S. W. 822.

Believing it our duty, under the circumstances urged, to consider the testimony, as indicated by our original opinion, we have again carefully gone over the same, and a reexamination thereof confirms us in our opinion of the insufficiency of the testimony to support the verdict of the jury.

▮▮▮ The appellee further contends that:

"Where there is any testimony. even a scintilla, it does not lie within the power of this court to disturb the verdict."

We do not consider this a correct proposition of law. Property rights may not be acquired or lost so lightly. A more serious consideration is involved.

In Joske v. Irvine. 91 Tex. 574, 44 S. W. 1059, our Supreme Court seems to quote with approval from Hyatt v. Johnston, 91 Pa. 200, the following statement:

"Since the scintilla doctrine has been exploded, both in England and in this country, the preliminary question of law for the court is, not whether there is literally no evidence, or a mere scintilla, but whether there is any that ought

reasonably to satisfy the jury that the fact sought to be proved is established."

In Houston & T. C. R. Co. v. Loeffler (Tex. Civ. App.) 59 S. W. 558, Judge Pleasants, speaking for the court, said:

"We fully recognize the importance of a strict observance by the courts of the rule that jurors are the exclusive judges of the credibility of witnesses, and of the weight to be given to their testimony, but this rule neither requires nor contemplates that the mind and conscience of the court shall be entirely and unreservedly surrendered to the judgment of a jury upon all questions of fact that may arise in the trial of a case. When the verdict of a jury is so against the weight and preponderance of the evidence as to be clearly wrong, it is the duty of the court to set such verdict aside; and the grave responsibility thus placed upon the judiciary of determining whether or not the evidence in a particular case is legally sufficient to deprive a citizen of his property cannot be evaded."

In any event, this court is of the opinion that any judgment should have a more substantial support than a mere scintilla of evidence.

▮▮▮ In answer to issue No. 8, the jury found that there was a profit of $5,524.36 "made by the partnership of Perkins & Lightfoot other than that divided" between them theretofore. The trial court entered a judgment for the plaintiff, decreeing recovery of that amount, but on motion for new trial, and evidently because the partners were equally interested in the enterprise, the judgment was modified to the extent of decreeing the plaintiff a recovery of one-half of such undivided profits.

By cross-assignments, the appellee complains that the court erred in not rendering a judgment "according to the clear meaning of the verdict in the full sum of $5,524.36," and, in modifying his judgment on motion for new trial, granting a recovery of one-half of said amount instead of ordering a remittitur of the amount over and above that decreed.

We would not be authorized in giving the jury's verdict a construction or interpretation different from that which it clearly appears to have. The language of the verdict is plain and unambiguous, the alleged interest of the partners unquestioned, and we see nothing erroneous in the construction given by the trial court to the verdict; nor did the court commit any error in making the judgment conform to the verdict as construed by him, since the court had control over its orders during the term at which entered. The cross-assignments are overruled.

For the reasons assigned, the motion for rehearing will be overruled.