## GULF, C. & S. F. RY. CO. v. MINTON.
### (No. 1144—5437.)

Commission of Appeals of Texas, Section B.
February 12, 1930.

Terry, Cavin & Mills, of Galveston, F. J. & C. T. Duff, of Beaumont, and John T. Beaty, of Jasper, for plaintiff in error.

Smith & Lanier, of Jasper, for defendant in error.

RYAN, J. Defendant in errror brought this suit against plaintiff in error to recover an alleged overcharge of freight paid by him on shipments of gravel from the pit of Dear & Johnson at Dear, La., to Buna and Evadalé, Tex. Reference is made to the opinion of the Court of Civil Appeals for a more complete statement of the case. Judgment was recovered in the trial court by the plaintiff below against the railway company, which was affirmed on appeal. This judgment is attacked as being without evidence to support it.

The undisputed testimony shows that between March and August, 1925, there were shipped from the pit at Dear, La., to Minton, at Buna, Tex., 616 cars of gravel, and between May and August, 1925, there were shipped to him from the same pit to Evadale, Tex., 429 cars, or a total of 1,045 cars. The railway company had no scales at the pit, and the gravel was weighed there by Dear & Johnson on their scales; the railway company accepted these weights as being correct, and used them as the basis for determining the freight charges to be made.

It was agreed between Minton and Dear & Johnson that he was to pay them for the gravel at so much per cubic yard and that a cubic yard was to contain 3,000 pounds. The railway company was not a party to that agreement. In June, 1925, Minton concluded that Dear & Johnson were not living up to their contract and were not furnishing him with 3,000 pounds of gravel per cubic yard. He then notified Dear & Johnson of the shortage and complained to them of their weights, but they insisted that their weights were correct and that he was being furnished with the required 3,000 pounds per cubic yard. He then requested the defendant railroad company to select 4 cars of gravel, at random, and weigh these 4 cars on its scales at Silsbee, Tex. The defendant complied with Minton's request and selected 4 cars, and took same to Silsbee, where they were weighed, no charge being made by the railroad for this service. One of these cars weighed 1,400 pounds less at Silsbee than it had on the Dear & Johnson scales, another weighed 4,900 pounds less at Silsbee than on the Dear & Johnson scales, and still another weighed 6,300 pounds less at Silsbee than on Dear & Johnson's scales, at Dear, La. The fourth car weighed 820 pounds more at Silsbee than it had on the Dear & Johnson scales at Dear, La. The plaintiff stated that he measured the cubic contents of these 4 cars carefully, and found that they, on the basis of the railroad company's weights at Silsbee, averaged about 2,541 pounds per cubic yard. There were no further requests made by the plaintiff of the railroad company to weigh any more cars, and the shipments continued as usual to be weighed at Dear, La., on Dear & Johnson's scales, and the freight rate was based on the weights furnished by Dear &

Johnson; Minton continuing to pay the freight charges without complaint. The cause was tried before the court without a jury, and no separate findings of fact or conclusions of law were filed.

We quote the following from the appellee's brief, which shows the basis the trial court used in arriving at its judgment, which judgment was affirmed by the Court of Civil Appeals:

"While the judgment does not so reflect upon its face, the court arrived at the amount of the judgment in the following manner: Taking the shipments from June 24th, the date the first car was weighed by the railroad, and after notice given by appellee of his dissatisfaction with Dear & Johnson's weights there was · shipped to appellee 8,288¾ yards of gravel, billed as 25,547,400 pounds, but which actually weighed, figured at 2,541 pounds per cubic yard, 21,061,715 pounds, or an overcharge of 4,485,685 pounds, at 5 cents per hundredweight, or $2,242.84, less $140, demurrage charge against appellee, leaving a balance of $2,102.84."

The trial court following the above-quoted statement to the letter, found judgment against the plaintiff in error in the sum of $2,102.84, this covering the 600-odd cars shipped after June 24th. All shipments were made by Dear & Johnson to Minton and the waybills showed Dear & Johnson's weights on them. No demand was ever made on the railroad company to weigh on its own scales any of the cars other than those four.

No test was made of either the Dear & Johnson scales or the railroad's scales, to see if they were accurate, and no proof was made that the Dear & Johnson scales were incorrect, or that the railroad's scales were correct, and Mr. Minton himself testified: "As far as actual knowledge goes, I don't know which were correct." He was the only witness on the subject.

The trial court ascertained the amount of alleged overcharge, not by having the weights on each car out of the 600-odd cars shipped after June 24, 1925, but by taking the weights of only 4 cars and arriving from these weights at an average weight per cubic yard. Other than showing the weights by the railroad scales at Silsbee on these 4 cars, there was no attempt whatever made by the defendant in error on the trial of the case to show the incorrectness of Dear & Johnson's scales and the correctness of the railroad's scales.

The law placed the burden on the plaintiff to establish his damage and the actual extent thereof. In this case the only way the plaintiff could show damage would be · by showing that he was overcharged freight on the 600-odd cars shipped, and in order to substantiate his claim for damage it should become necessary for him to show the difference between the actual weight of each of these 600 cars and the weight upon which he was charged freight. He made no showing whatsoever as to the actual weight of these cars, but sought to determine that by the average cubic yardage in the 4 cars selected at random out of the 600. The probative force of the testimony does not go beyond the point of creating a mere surmise on Minton's part that Dear & Johnson's scales were incorrect, and those of the railroad company were correct, and a mere guess that 2,541 pounds was the correct weight per cubic yard of the gravel in the entire shipment.

There was no attempt to prove the correct weight of the 600 cars, but the judgment below is based upon only an estimated weight, figured from an average of the cubic yardage of the 4 cars weighed on the railroad's scales at another point. There was no legal evidence upon which to base the judgment. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059; Austin v. Cochran (Tex. Com. App.) 2 S.W. (2d) 831; Blackwell v. Ship Channel Development Co. (Tex. Civ. App.) 264 S. W. 223; Perkins v. Lightfoot (Tex. Civ. App.) 10 S.W. (2d) 1030.

Article 1686, Penal Code, has no pertinency to the issues in this case, any more than article 1053 of the same Code. The first provides a penalty against any railroad officer or agent who, by means of false weighing, charges a shipper more than the regular rates for transportation; the second prescribes a penalty against the shipper giving other than the true weight properly certified to. Neither is section 101, title 49, of the Code of Laws of the United States (49 USCA § 101) of any pertinency. The railroad company had no station or scales at the shipping point, and the weights accepted and adopted by it and on which freight was paid were those made by the shippers (Dear & Johnson) at the point of origin; they, and not the company, were responsible for the accuracy of such weights.

These provisions of law furnished no evidence of the inaccuracy of the weights declared as correct by the shippers. It was agreed by the parties that defendant in error is indebted to plaintiff in error in the sum of $140 as a demurrage claim, which accrued on shipments made during the months of June and August, 1925, and the same was credited on the judgment.

We recommend that the judgments of the trial court and Court of Civil Appeals be reversed, and that judgment be here rendered for plaintiff in error, including said item of $140, with legal interest thereon from August 20, 1925.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are reversed and judgment here rendered for plaintiff in error, including recovery of the item of $140 and interest, as recommended by the Commission of Appeals.