## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
### v. D. R. COCREHAM.
#### No. 1166.

1. **Market Value.**—It is competent for a witness who was at the place about same time, and was dealing in the same trade (horse trading), and who talked with others on the subject, to give his opinion as to the market price of horses at the time and place.

2. **Contract Limitations—Case Adhered to.**—Railway v. Carter, 9 Texas Civil Appeals, 677, adhered to on subject of contract limitations included in shipping contract.

3. **Law of the Forum.**—Suit for damages for breach of freight contract made subsequent to the Act of March 4, 1891, prohibiting contractual limitations for less time than the statutes prescribes. The contract was made in Missouri, and required the shipment into Texas, and contained stipulations limiting the time within which suit might be brought. Defense insisted that the contract was an interstate shipment. The law of Missouri, however, was not pleaded or proven. *Held*, the court not judicially knowing the laws of Missouri, the law of the forum will apply, and the contract limitation has no legal effect.

APPEAL from the County Court of Hays County. Tried below before Hon. B. G. NEIGHBORS.

Cocreham sued appellant in the County Court of Hays County for damages for delay in delivering a car load of mules. The delay is charged as caused by appellant failing to deliver the mules to the Houston & Texas Central Railway at Waco, Texas, whereby the mules had to be received at Waco and driven about 100 miles to Hearne, the destination. It was alleged that the market price fell at Hearne in the interval between the dates December 26th to 30th, and January 6th, so that plaintiff could not sell at Hearne, but only made sales at reduced prices by driving them from place to place.

The freight contract was made at Clinton, Mo., and was for carrying the car load of mules to Hearne, via Waco, Texas. Stipulations for notice of claim of damages and limiting time of suit to ninety days were in the freight contract. Suit was not brought within the specified time. The stipulated limitation was relied upon in defense.

McGehee, a witness for plaintiff, testified, over objection: "I believe that plaintiff's mules would have brought a good figure in Hearne from the 26th to the 30th day of December, 1892—perhaps an average of $135 per head. I met plaintiff, as stated, on the 5th or 6th of January, 1893, at Calvert, and the demand at Hearne and vicinity had then been pretty well supplied, as a great many mules had been shipped in there and been sold. My opportunity for knowing the market was, that I shipped some mules to Calvert on the 2nd day of January, 1893, and found the market pretty well supplied by other parties; but sold some not as fine as Mr. Cocreham's at $250 and $275 a pair. Meeting parties who had sold a great many mules was my means of knowing and judging the prices." Also: "I was there (at Hearne) about the

6th of January, 1893, with mules, and found that a great many had been sold there in the past ten days at good prices."

Defendant objected to this testimony as being a mere conclusion of the witness, and as incompetent and irrelevant. The court overruled the objection and admitted the testimony, to which ruling the defendant excepted.

The objections were overruled. Judgment was rendered for plaintiff for $300, and the defendant appealed.

*Clarence H. Miller* and *Fisher & Townes*, for appellant.

*Brown & Pritchett*, for appellee.

FISHER, CHIEF JUSTICE.—There was no error in overruling the demurrer to the petition. It set out sufficiently the items of damages.

The charge of the court gave the correct rule as the measure of damages that should govern in this case, and the evidence in the record warrants the charge in this respect.

The testimony of witness McGehee was admissible, and we think the verdict and judgment as to the extent of damages is sustained by the evidence.

That branch of the case where the appellant sets up a failure to give notice of the extent of the injuries to the stock before removal, and giving notice within thirty days of the claim for damages and requiring suit to be brought within ninety days, has been by this court recently passed upon in the case of Railway v. Carter, 9 Texas Civil Appeals, 677, in which all the points here raised were decided against appellant.

The shipment in this case was after the Act of 1891 went into effect, and the point of destination was Hearne, Texas. It is true, the contract of shipment in this case was entered into in the State of Missouri, and the laws of that State would govern and control it (65 Texas, 16, 17), but those laws are not pleaded and proven, and we do not judicially know what they are. Such being the case, the law of the forum will apply. Dall., 422.

The judgment is affirmed.

*Affirmed.*

Delivered March 18, 1895.