## SAN ANTONIO TRACTION COMPANY v. FRED YOST.

### Decided May 24, 1905.

**1.—Fundamental Error—Charge Submitting Issues not Pleaded.**

In an action for personal injuries alleged to have resulted from the negligence of the defendant it was fundamental error for the charge to submit as ground of recovery issues of negligence not pleaded and such error is considered on appeal though not assigned.

**2.—Same—Negligence—Discovered Peril.**

An allegation that defendant street car company negligently caused its rails to become charged with electricity in a dangerous manner, causing the horse drawing plaintiff's cart to fall when stepping on the rails, which resulted in throwing plaintiff out of the cart and thus injuring him, does not authorize a charge upon the theory that the car, through the negligence of those operating it, collided with plaintiff's cart, resulting in his injury; nor does an allegation that after plaintiff was thrown out of the cart those operating the car failed to control it and negligently ran it against plaintiff, raise the issue of discovered peril and of negligence on the part of those operating the car, after discovering plaintiff's perilous position in failing by the exercise of the means at hand to avoid injuring him.

Appeal from the County Court of Bexar. Tried below before Hon. R. B. Green.

*George B. Taliaferro,* for appellant.

*J. R. Norton,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is a suit by appellee against appellant for damages. The plaintiff, after averring that while he was passing along a public street of the city of San Antonio he was thrown from the cart in which he was riding by the negligence of defendant, in his petition states the negligence as follows: "Plaintiff alleges that the defendant was negligent in this, that it failed to prevent said rails from becoming charged with electricity so as to render them dangerous

for horses or pedestrians to step upon and being shocked thereby, as was its duty to do, and negligently caused said rails to become charged in a dangerous manner, and in such manner as to cause the horse drawing the cart in which plaintiff was riding to fall when stepping on same, which resulted in throwing plaintiff out of said cart upon the street, and said negligence proximately caused plaintiff's aforesaid injuries.

"Plaintiff further alleges that the defendant was negligent in this, that its operatives and employes in charge of one of its electrical cars which was at that time being operated upon the track upon Austin street failed to control said car and failed to exercise proper care to prevent running said car against said cart and plaintiff after said horse had become shocked and had fallen, and plaintiff had been thrown out of said cart, as was their duty to do, and negligently ran said car upon and against said cart and against plaintiff, and said negligence also proximately caused plaintiff's aforesaid injuries."

It will be observed that in the first paragraph quoted, the negligence charged is defendant's permitting its rails to be charged with electricity in such manner as to cause the horse to fall, resulting in throwing plaintiff from the cart in the street and injuring him. In other words, permitting the rails to be charged with electricity was defendant's negligence, and the fall of the horse and plaintiff being thrown from the cart and injured, its consequences.

The second paragraph the negligence charged, is the failure of defendant's servants to control the car and their failure to exercise proper care to prevent running the car against the cart and plaintiff after the horse had been shocked and fallen, and plaintiff had been thrown out of said cart, and in running the car against the cart and the plaintiff. In other words, after the horse had been shocked and plaintiff thrown on the ground, defendant's servants operating the car, not having it under control in their failure to exercise proper care, ran the car against the cart and plaintiff, thereby causing his injuries.

In its charge the court instructed the jury, if they believed from the evidence that a car of defendant collided with a cart in which plaintiff was riding, and that such collision was caused by the negligence of its employes in control of the car, and that such negligence was the proximate cause of the collision and resulted in plaintiff's injury, then to find for him. That if they believed from the evidence that the car of defendant was being operated with ordinary care, yet if they believed plaintiff was on defendant's track in a position of peril, and defendant's employes knew his position of peril and failed to exercise ordinary care to avoid injuring him, then to find for plaintiff.

So much of the charge as we have in substance recited, presents the only issues upon which the jury were authorized to find for plaintiff. In another paragraph the jury were told that if they believed from the evidence the plaintiff was not thrown out of his cart by reason of a collision with defendant's car, to find for the defendant.

It is thus seen there was no presentation by the charge of the grounds of negligence alleged by plaintiff as his cause of action, but that grounds of negligence averred were expressly withdrawn, and entirely different facts from those averred were submitted, and the jury in-

structed to find for him upon them, if they believed from the evidence
they were proven.

Unless the plaintiff was thrown from his cart by the fall of his horse,
caused either from the animal's being shocked by a current of electricity
with which the rails of the track were charged through defendant's
negligence and plaintiff was thereby injured; or while, after being
thrown from the cart by reason of the fall of the horse caused by
a shock of electricity from the rails (whether by defendant's said neg-
ligence or otherwise), he was on the ground, defendant's servants
in charge of the car negligently ran it against the cart or plaintiff
and thereby injured him, he could not, under the allegations in his peti-
tion, legally recover damages for his injuries.

There was no allegation in the petition that plaintiff was thrown
from his cart and injured by a collision; or that he was in a position
of peril which was discovered by appellant's servants operating the
car in time, by the exercise of the means at hand, to have avoided in-
juring him, and that his injury was caused by their negligent failure
to exercise such means. Yet these were the grounds of negligence sub-
mitted, to the exclusion of those alleged, and upon which the verdict
was found and the judgment rests.

It is error to instruct a jury to find for a plaintiff upon an issue
not made by his pleadings. While this error is not assigned by the
appellant, it is apparent upon the face of the record, and, from its
very nature, is so fundamental as to require the court to notice and
act upon it. For, as is held by the Supreme Court in Wilson v.
Johnson, 94 Texas, 276, "an error apparent upon the face of the record,"
which may be considered without assignment, is a "prominent error,
either fundamental in character or determining a question upon which
the very right of the case depends." Of such prominence is the error
in the charge.

The errors assigned are such as are not likely to arise on another
trial.

For reason of the error indicated, the judgment of the County Court
is reversed and the cause remanded.

*Reversed and remanded.*