## LOOP LAND & IRRIGATION CO. v. OGBURN. (No. 496.)

(Court of Civil Appeals of Texas. El Paso. Dec. 2, 1915.)

1. APPEAL AND ERROR ☞291—MOTIONS FOR NEW TRIAL—FUNDAMENTAL ERROR.
   In an action for specific performance, where the pleadings alleged a written contract, submission to the jury of whether plaintiff was entitled to recover on a verbal contract is fundamental error, which can be reviewed, though not set up in the motion for new trial.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1707–1712, 1724–1726; Dec. Dig. ☞291.]

2. SPECIFIC PERFORMANCE ☞117—VARIANCE.
   Where the petition in an action for specific performance averred that defendant through its agent entered into a written contract to sell

land, plaintiff cannot recover on proof of an oral contract and part performance.
   [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 377–381; Dec. Dig. ☞117.]

3. PRINCIPAL AND AGENT ☞22—PROOF OF AGENCY—DECLARATIONS OF AGENT.
   Agency cannot be proven by the extrajudicial declarations of the alleged agent.
   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. ☞22.]

Appeal from District Court, Ward County; S. J. Isaacks, Judge.

Action by J. W. Ogburn against the Loop Land & Irrigation Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

B. W. Baker, of Barstow, for appellant. J. A. Buck and J. E. Starley, both of Pecos, for appellee.

HARPER, C. J. This suit was filed by appellee, J. W. Ogburn, against E. L. Stratton and the Loop Land & Irrigation Company, appellants, for specific performance of a contract to convey land. He alleged that on or about the 15th day of September, 1913, the said Stratton made and entered into a contract in writing to sell and convey to him, appellee, certain 80 acres of land for $600; that he paid $100 of the purchase price and tendered notes for the balance, as provided in the contract; that the said Stratton was at the time the duly authorized and acting agent of the defendant Loop Land & Irrigation Company; that after making the contract, said Stratton and said company each and both delivered to plaintiff the possession of the land, and that he had since made valuable improvements thereupon.

The defendant Stratton answered that he denied that he was the agent of the Loop Land & Irrigation Company at the time of making the contract, but merely held an option upon said land from said company, which the plaintiff knew; that he admits executing the contract, but that the land company claimed that his option had expired prior thereto; therefore, the company having failed and refused to make title to him, Stratton, he was thereby prevented from making title to the plaintiff; that the plaintiff had actual notice of the relations between the company and himself, and that at the time the contract was executed plaintiff and defendant Stratton both contemplated that title might not be made, and in view of such contingency inserted the provision in said contract that in case this defendant should fail to make title, then the $100 paid should be returned and be the end of the contract.

Defendant land company denied that Stratton was its agent, and alleged that it had in no manner represented him to be such; denied that said Stratton had authority to sell this or any other land belonging to it; that it in no way induced the attempted sale, nor the payment of the $100 to Stratton, nor

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

did they deliver possession to him; that said Stratton was not the agent of defendant company, but simply had an option to purchase the land in controversy, which had expired prior to the date of the contract sued on; that it is not a party to the contract sued on, and is in no manner bound thereby; that there has never been any consideration tendered to it; that it did not authorize plaintiff to enter into possession of the land, and that any improvements placed thereon by him were without its knowledge or consent.

The trial court submitted the cause upon the following special issues:

"(1) Did the defendant Loop Land & Irrigation Company and the defendant Stratton, by their action and conduct, induce the plaintiff to believe that the defendant Stratton was the agent of the defendant Loop Land & Irrigation Company for the purpose of selling its lands on the 14th and 15th days of September, 1913? Answer: Yes.

"(2) Did the plaintiff enter into a verbal contract with the defendant Stratton, either on the 14th or 15th day of September, 1913, for the purchase of the land in controversy, and did the defendant Stratton at that time deliver the possession of the said premises to the plaintiff, and did plaintiff go into possession of same and make valuable improvements of a permanent nature thereon? Answer: Yes.

"(3) Did the plaintiff, at the time, rely upon a verbal contract with the said Stratton for the purchase of the said land and his possession and improvements thereof, if any, or did he rely upon his written contract of September 6, 1913? Answer: Relied upon his verbal contract of September 15, 1913.

"(4) Did the defendant Loop Land & Irrigation Company sell to the defendant Stratton, or permit the defendant Stratton to sell to others any of their lands after September 15, 1913? Answer: Yes."

Upon the answers thereto, judgment was entered for plaintiff.

[1, 2] Because the questions raised by the assignments were not presented and urged in a motion for new trial, appellee suggests that this court should not consider them under rule 23. The first and third assignments were not presented in the motion for new trial, and therefore will not be considered unless fundamental, as urged by appellant.

The first assignment is that the court erred in overruling special exception to special issue No. 2 submitted by the court. The proposition is that a verbal contract for the sale of real estate or the lease thereof for a longer term than one year cannot be enforced. Properly construed, the pleadings in this case declare only upon a written contract. The plaintiff's first, second, and third amended original petitions are copied in the transcript. The first and second allege that on or about the 16th day of September, 1913, plaintiff and Stratton entered into a contract; that said contract was signed and a copy is attached to the petition, etc. The third alleges that on September 15, 1913, plaintiff and Stratton agreed upon the terms of a contract which was executed in writing on September 16, 1913, and a copy is attached to the pleading, etc.

There is no allegation in any of the pleadings that could in any wise be construed to be a declaration upon a verbal contract. So it is apparent upon the face of the record that if plaintiff can recover at all, it must be upon a contract in writing executed by the defendant Loop Land & Irrigation Company, by its authorized agent, and it is further apparent upon the face of the record that the court submitted the case upon an issue not made by the pleadings unless the latter portion of special issue No. 3 submits the case upon the written contract. "Did plaintiff rely upon his written contract of September 16, 1913?" And if this submits the case upon the written contract, then the jury has in effect found against plaintiff by the finding that he relied upon his verbal contract. The question here is not, as seemed to be in the mind of the trial court, Which was relied upon by plaintiff, the written or verbal contract? but, Did plaintiff have any legal and binding contract with the defendant company in writing? Because he has pleaded no other. If he has a written contract executed by the company through its agent, he should be permitted to recover. If not, then he cannot recover under his present pleadings. This constitutes such fundamental error as to constitute cause for reversal, and need not have been set up in the motion for a new trial. Astin v. Mosteller, 152 S. W. 495; Wilson v. Johnson, 94 Tex. 272, 60 S. W. 242; San Antonio Traction Co. v. Yost, 39 Tex. Civ. App. 551, 88 S. W. 428.

[3] The second assignment was sufficiently presented in the motion for new trial. It urges that the court erred in permitting the plaintiff to testify over objections that at the time of the making of the contract Stratton said that he was the agent for the Loop Land & Irrigation Company, and authorized to act for them. The reason given for the objection was that it was an attempt to establish the relation of agency by the declarations of the alleged agent. The rule is that evidence of the statements or admissions of the alleged agent is not admissible to establish his authority, and such evidence can never be used against the principal until the fact of agency has been established by other evidence. Cannel Coal Company v. Luna, 144 S. W. 721.

For the reasons given above, the cause must be reversed and remanded; and it is so ordered.