JAMISON GIN CO. et al. v. MEASELS.
(No. 8944.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 14, 1918.)

1. TRIAL ⟨key⟩352(4)—SPECIAL ISSUES—SUBMISSION.

A special issue, simply whether defendants were guilty of negligence, should not be submitted over timely exception to it as not confined to negligence pleaded as well as shown by evidence.

2. TRIAL ⟨key⟩105(2)—INSTRUCTIONS—CONFINING JURY TO NEGLIGENCE PLEADED.

Though evidence of negligence not pleaded is admitted without objection, defendant's requested instruction that it be disregarded, and that damages cannot be found by reason of such negligence, should be given.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Action by J. L. Measels against the Jamison Gin Company and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Carrigan, Montgomery & Britain, of Wichita Falls, for appellants.

B. D. Sartin and E. W. Napier, both of Wichita Falls, for appellee.

BUCK, J. J. L. Measels filed suit against J. B. Jamison and the Wichita Cotton Oil Company as joint owners of a cotton gin situated in Wichita Falls, Tex., to recover damages on account of the alleged improper and negligent operation of the gin, which negligence it was claimed had damaged plaintiff in the use of his property for residential purposes and also had injured plaintiff's health. It was alleged that defendants had permitted quantities of hulls, lint, trash, and waste to accumulate on their premises until it had rotted and was dangerous to the health of the community; that they also had permitted dust, lint, and waste matter to be discharged in the air by such gin, and that same was carried by the wind onto plaintiff's premises, and settled in his well and upon his premises, and in his residence and upon his furniture therein, and deprived plaintiff of

the enjoyment of his home, and injured his health. It was further alleged that defendants had permitted stagnant water to accumulate on their premises and in the alley near plaintiff's house, and that this caused the hulls and waste matter to rot and breed mosquitoes, and that the water seeped into his well and ruined it; that the gin was operated at night, and made loud noises and greatly annoyed plaintiff, and that all the acts of defendants hereinbefore mentioned were in violation of a city ordinance of the city of Wichita Falls.

The defendants answered by exceptions, general and special, and by general denial, and specially pleaded that the plaintiff had recovered a judgment against the defendant Wichita Cotton Oil Company, for $100, and that said judgment provided that the same covered all damages to its date, February 10, 1913, and covered all damages by reason of erection of the gin, but did not bar plaintiff from the recovery of damages for negligence or improper operation in the future.

The cause was submitted to a jury upon special issues, which, with the answers thereto, are hereinafter set out:

"Special Issue No. 1. Were the defendants in the years 1913 and 1914 guilty of negligence, as that term has been defined in this charge? Answer: Yes.

"Special Issue No. 2. If you have found in answer to issue No. 1 that the defendants negligently operated the gin, and that the plaintiff was damaged, then you will find such sum as you believe from the evidence will reasonably compensate the plaintiff for such damage, if any, and in estimating his damages, if any, you will take into consideration the annoyance and inconvenience, if any, suffered by the plaintiff, in the use and enjoyment of his residence, which was caused by the lint being deposited upon his residence and premises, if any, the inconvenience and noise, if any, and the obnoxious odors, if any, the injury to his health, if any, which was caused by the negligent operation of said gin, if any, if you have found that the same was negligently operated. Answer by stating the amount. Answer: $500.00."

[1] Appellant urges error in the form in which special issue No. 1 was submitted to the jury, contending that said issue as submitted did not confine the jury, in finding negligence, to the manner of the operation of the gin or to anything done in connection with the gin, or to the elements of negligence with reference to the operation of the gin alleged in plaintiff's petition; that as the issue was submitted, the jury were authorized to find negligence in respects not sustained by the pleadings. Defendants seasonably filed their exceptions to the form in which the issue was submitted, but did not submit a charge in which the issue of negligence was submitted with the limitations which the appellants here claim should have been made. Yet said objections did call the attention of

the trial court to the very defect here urged, to wit, that in the submission to the jury of the question of negligence vel non on the part of defendant, the jury were not confined to negligence in the manner of operating the gin, or to anything connected with the gin, but that, in effect, it permitted the jury to find negligence in respects not pleaded; that it was the duty of the court to submit the specific act or acts of negligence raised by the pleadings as further limited by the evidence, and none other. We think the criticism is well taken, and that the charge in the form given, over objections, constitutes error. In K. C., M. & O. Ry. Co. v. Cole, 183 S. W. 138, writ denied, it is said:

"The second and third assignments allege error in the submission of the issue, and the overruling of defendant's objection thereto, 'Was the defendant railway company guilty of negligence in colliding with plaintiff's automobile?' to which issue the jury answered, 'Yes.' It is urged that, plaintiff having pleaded the specific acts of negligence relied upon by him for his recovery, it was reversible error for the trial court to instruct the jury upon the issue of negligence without confining the finding to the specific acts alleged. We think the issue as given is subject to the criticism made. Undoubtedly it is proper for the court, in the submission of the question of negligence to the jury, to limit its application to the allegations of plaintiff's petition, as further circumscribed by the evidence, and not to allow the jury to speculate or surmise as to grounds of negligence not pleaded."

In Railway Co. v. Harvey, 27 S. W. 423, the court said:

"The other portion of the charge, which directed the jury to find for the plaintiff if the defendant was guilty of negligence in any respect which contributed to plaintiff's injury, was too broad. It gave the jury too much latitude, and left them to determine from the evidence what was negligence, when the right of plaintiff to recover should have been confined to the acts of negligence, if any, alleged by plaintiff in his petition to have caused the injury."

[2] In the seventh assignment error is alleged because of the failure of the court to give defendants' requested charge as follows:

"You are instructed that you cannot find any damages by reason of the manner in which the closet or privy was used or maintained on defendants' premises, and you will disregard all evidence as to this matter."

Plaintiff's petition fails to allege that there was negligence in the manner in which the closet or privy was used or maintained on the premises of defendants. The plaintiff testified as to the privy as follows:

"All of that period there was a toilet there on that lot. The toilet was in pretty bad condition —a long time it was not cleaned out at all—and no roof on it, and if it rained, it rained in there. There was a ditch dug there. I do not know whether it was ever cleaned out or not. The

toilet was located right between my well and the cotton seed house, and about 75 feet from my well and kitchen. I was in the toilet once or twice, and it was at least half full of filth; once or twice I was out there, and it was up to the top of the seat. I think it remained that way the whole of the season. I never noticed any odors from the toilet on my place. When you are continually staying at a place you get more or less used to it, and do not notice it so much. I had what Dr. Hughes pronounced a spell of typhoid fever. I was taken down September 17, 1914. I was down for 40 days with typhoid fever."

Though this evidence was admitted without objection, we think that, as there were no pleadings to sustain it, the jury should have been instructed, upon request of defendants, to not consider the evidence as to the unsanitary condition of the toilet as any proof of negligence, and that the refusal of the court to give the instruction requested constituted reversible error. It has been held (San Antonio Traction Co. v. Yost, 39 Tex. Civ. App. 551, 88 S. W. 428) that where an instruction authorizes a finding for plaintiff on an issue not made by the pleading, the error, though not assigned, is so fundamental as to require the court to act on it. In Denison v. League, 16 Tex. 408, our Supreme Court says:

"There is no rule that has been so stringently enforced in this court as the rule that the allegata must be broad enough to let in the proof, and that no evidence, not supported by the allegata, can sustain a verdict."

See Loving v. Dixon, 56 Tex. 75. In G., H. & S. A. Ry. Co. v. Scott, 18 Tex. Civ. App. 321, 44 S. W. 591, Justice Fly of the San Antonio Court of Civil Appeals says:

"Having arrived at the conclusion that the testimony as to the injuries resulting from the enema was illegal and improper, the question is presented by appellee that, the evidence having been permitted to go to the jury without objection, the motion to exclude was properly overruled, and the court should have presented the issue raised by the testimony to the jury. It is the proper practice, when illegal testimony is offered, to object at the time, and, in case it is admitted, to reserve a bill of exceptions; but this rule does not preclude the party complaining from making a motion to exclude the testimony after the evidence has closed, and, clearly, when the testimony is in connection with an issue not raised by the pleading, and so manifestly unjust to the party complaining as the testimony as to the enema was to appellant, the court should not only have excluded the evidence, but should have instructed the jury to disregard it. It was error to submit an issue raised by the evidence but not raised by the pleading, even though the evidence raising the foreign issue was introduced without objection. 'Facts not alleged, though proved, cannot constitute the basis of an adjudication.' Hall v. Jackson, 3 Tex. 311; Paul v. Perez, 7 Tex. 338; McKinney v. Fort, 10 Tex. 234; Denison v. League, 16 Tex. 408; Middlebrook Bros. v. Zapp, 73 Tex. 29, 10 S. W. 732; Cooper v. Loughlin, 75 Tex. 524, 13 S. W. 37."

We think reversible error is shown by the seventh assignment, and that the injurious effect of the court's refusal to give the tendered charge is emphasized by his failure to submit issue No. 1, with reference to defendants' alleged negligence, without limiting the issues of negligence to those pleaded in plaintiff's petition.

For the errors noted the judgment of the trial court is reversed, and the cause remanded.