MYNATT et al. v. AGEE. (No. 2142.)

(Court of Civil Appeals of Texas. Texarkana. June 12, 1919. Rehearing Denied June 26, 1919.)

1. DEEDS ⬤⟹53—WHETHER DEED WAS FORGERY QUESTION FOR JURY.

In an action of trespass to try title to and for partition of two tracts of land, whether a deed under which plaintiff claimed, made to his wife by her father, who was also defendants' father, was genuine or a forgery, *held* for the jury under the evidence.

2. APPEAL AND ERROR ⬤⟹215(1)—OBJECTIONS TO CHARGE, NOT MADE BEFORE IT WAS READ, WAIVED.

By Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, all objections to the charge, not made and presented to the court before the charge was read to the jury, are waived, and may not be considered on appeal to have constituted fundamental error.

Error from District Court, Fannin County; Ben H. Denton, Judge.

Action by G. M. Agee against W. P. Mynatt and others. To review a judgment for plaintiff, defendants bring error. Affirmed.

Sturgeon & Sturgeon, of Paris, and Chas. S. Todd, of Texarkana, for plaintiffs in error.
J. W. Gross, of Bonham, and J. M. Baldwin, of Honey Grove, for defendant in error.

LEVY, J. The defendant in error brought the action in trespass to try title to and for partition of two tracts of land—one of 2 acres of the Samuel Erwin survey, and the other of 33⅓ acres of the Mary Johnston survey. The defendants, who are the plaintiffs in error, answered by plea of denial and

by special plea of forgery of deed from R. G. Mynatt to Laura Mynatt of 33⅓ acres in suit. The findings of the jury on special issues are: (1) That R. G. Mynatt did make and deliver a deed to the 33⅓ acres of land to Laura' Mynatt; and (2) that Laura Agee (née Mynatt) did not have adverse possession of the 33⅓ acres in suit for ten years. These findings of fact have support in the evidence, and are here adopted.

[1] R. G. Mynatt died in June, 1900, which was two years after the death of his wife. Laura Mynatt, wife of the defendant in error, and the plaintiffs in error are the surviving children of R. G. Mynatt and wife. Laura Mynatt married G. M. Agee in June, 1901. R. G. Mynatt and wife owned as community property 100 acres of the Johnston survey. R. G. Mynatt conveyed to M. H. Mynatt and to Mrs. F. A. Vinyard each 33⅓ acres of the land, and there was offered in evidence a deed, purporting to be signed and acknowledged by R. G. Mynatt, conveying to his other daughter, Laura Mynatt, 33⅓ acres of the land. This deed is the one attacked as being forged, and which the jury found was not a forged deed. This jury finding is challenged by the assignments as being without evidence to support it. It is believed that the verdict has evidence sufficient to support it. As circumstances going to show genuineness of the deed, it was proven that R. G. Mynatt had J. B. Stephens, a surveyor, to survey the 100-acre tract into three parts, of 33⅓ acres each. J. B. Stephens was a notary public qualified and acting, and wrote the deed in controversy and took the acknowledgment. The acknowledgment recited:

"On this day personally appeared R. G. Mynatt, known to me to be the person whose name is subscribed to the foregoing instrument."

And it was shown that R. G. Mynatt and the notary public were intimate friends, and had been for a long time. It was also shown that the notary public was a man of good standing in the community, and of high repute for honesty and integrity. On the same day the deed in suit was made, a like deed was drawn up by the same notary public and signed and acknowledged before him by R. G. Mynatt, conveying 33⅓ acres of land to another daughter, Mrs. F. A. Vinyard. It was shown that R. G. Mynatt also conveyed 33⅓ acres of the land to his son, M. H. Mynatt. Laura B. Mynatt, it was shown, collected the rents and paid most of the taxes on the 33⅓ acres of land for about 15 years. It was shown that she made declaration to her husband "that her father gave it [the] 33⅓ acres] to her before his death." The deed in suit was, it was proven, found in the trunk of Laura B. Mynatt after her death, and had long been in her possession. This evidence was sufficient, we think, to make an issue for the jury, and the assignments are overruled. There was no error, it is concluded, in admitting the evidence complained of, and the assignments in this respect are therefore overruled.

[2] Complaint of the charges of the court that were given and here complained of, upon the ground that they constituted "fundamental error," may not be so considered under article 1971, Vernon's Sayles' Statutes.

The judgment is affirmed.