### CARTER v. THORNTON. (No. 124.)

(Court of Civil Appeals of Texas. Waco.
Dec. 18, 1924.)

**1. Brokers ⟿82(4)—Broker must recover on contract as pleaded.**

A broker, suing for commissions under a special contract, must recover, if at all, only on his contract as pleaded.

**2. Trial ⟿251(4) — Instructions authorizing recovery on general contract of employment, where special contract pleaded, held error.**

Instructions not limiting broker's right of recovery to special contract pleaded, but permitting recovery on general contract of employment, *held* error.

Appeal from Navarro County Court; A. P. Mays, Judge.

Action by A. Q. Thornton against W. W. Carter. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Gibson & Lovett, of Corsicana, for appellant.

Jester & George, of Corsicana, for appellee.

BARCUS, J. Appellee filed this suit, alleging in substance that appellant had listed with him for sale the mineral rights in 80 acres of land at $50 an acre and had agreed to pay him a commission of 10 per cent. on the amount for which the mineral rights were sold. He alleged that in pursuance of said contract he found a purchaser who was ready, able, and willing to, and who did, purchase the oil and gas lease on said land and pay therefor $50 an acre, a total of $4,000 and that he was the procuring cause of said sale being made, and by reason thereof appellant was due him $400 commission. Appellant answered by general demurrer and general denial, specially denied the contract, and alleged as a special defense that he had listed the mineral rights for sale with appellee for $30 per acre net to him, but that he had revoked said contract, and that thereafter he told appellee and other persons he would sell the mineral rights in said land for $50 an acre net to him, and he alleged that W. E. Stephenson was the procuring cause of his having made the sale of the mineral rights to the purchaser thereof.

[1, 2] The cause was tried to a jury. Appellant complains of the court's charge in failing to present to the jury his defensive matters, and because the court's charge failed to require appellee to prove his contract as alleged, and failed to limit appellee's right to recover to the contract as pleaded. In connection with his objections, appellant tendered to the court some special charges, seeking thereby to cure the defects he claimed existed in the court's main charge. Without discussing each of the objections and special charges requested separately, in our opinion, the court's charge did not require appellee to prove his contract, or limit the appellee's right to recover to the contract as alleged, and did not sufficiently present appellant's defenses. The court's charge stated in substance that if the jury believed the defendant made an agreement or contract with the plaintiff, whereby he constituted the plaintiff his agent to sell the mineral rights in the land, and if they believed that plaintiff did bring about a sale thereof, or was the procuring cause of a sale, then they should return a verdict for the plaintiff for $400, unless they believed that said contract was not made, or unless they believed that plaintiff was not the procuring cause of the sale being made. Appellee can recover, if at all, only on his contract as pleaded. He alleged a special contract of 10 per cent. on the selling price of the mineral rights in the land, and the court's charge should have limited his right of recovery to said contract, instead of authorizing a recovery on a general contract of employment. Biard & Scales v. Tyler Bldg. & Loan Ass'n (Tex. Civ. App.) 147 S. W. 1168.

Appellant was entitled to have his defensive matters submitted to the jury, and the special charges requested by appellant were sufficient to call the court's attention thereto. On another trial the court should submit the issue limiting plaintiff's right of recovery to the contract as pleaded and supported by the testimony, and should submit to the jury the affirmative defenses pleaded by the defendant, which may be supported by the evidence as a bar to plaintiff's recovery. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Jamison Gin Co. v. Measels (Tex. Civ. App.) 207 S. W. 365; M., K. & T. Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058.

For the errors indicated, the cause is reversed and remanded.

⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes