### RED RIVER COUNTY v. GRAVES et al.
#### (No. 3279.)

(Court of Civil Appeals of Texas. Texarkana. Oct. 21, 1926.)

**1. Pleading ⟨⟩387 —Recovery cannot be had on cause of action not alleged in pleadings.**

Where cause of action, no matter how well it is supported by proof, is not alleged in pleadings, there can be no recovery.

**2. Counties ⟨⟩101(6)—Where pleading alleged that treasurer retained possession of money belonging to county, and proof showed that he retained money belonging to county road districts, there could be no recovery.**

In suit by county in which pleadings alleged that county treasurer retained possession of money belonging to county in excess of $2,000 he was entitled to under Vernon's Ann. Civ. St. Supp. 1922, art. 3875, and proof showed that he wrongfully retained possession of money belonging to certain road districts within county, county could not recover, since it did not prove cause of action set up in pleadings.

Appeal from District Court, Red River County; Hugh Carney, Judge.

Suit by Red River County against A. M. Graves and others. From a judgment for defendants, plaintiff appeals. Affirmed.

E. L. Canterbury was the county treasurer of Red River county during the years 1919 and 1920. In 1919 he retained $3,991.30 as commissions he was entitled to on collections made by him as such county treasurer, and in 1920 he retained $3,328.28 as commissions he was entitled to on collections made by him for the county during that year. Canterbury died December 2, 1920, and appellee A. M. Graves qualified as the administrator of his estate. The county claimed that Canterbury was entitled to retain only $2,000 as commissions on collections made by him as such treasurer in 1919, and only that sum as commissions on collections so made by him in 1920, and commenced and prosecuted this suit to recover, as indebtedness due it by him as such treasurer, the excess over $2,000 retained by him each of said years. The suit was against said Graves and appellees M. L. Sims, B. A. Dinwiddie, C. E. Williams, and John M. Butcher as the sureties on said Canterbury's bond as such county treasurer, and was also against said Graves as the administrator of Canterbury's estate. The

court, before whom the trial was had without a jury, found as facts that—

Canterbury "during the year 1918 collected and retained commissions for moneys collected as county treasurer and paid out the sum of $3,991.80. Included in the sum retained by him was $175 on levy districts, and the further sum of $101.59 also on levy districts. That the remainder of said sum of $3,991.80 represents $2,000 paid to himself for commissions for collecting and disbursing funds belonging strictly to Red River county, and that the balance amounting to $1,715.21 represents commissions collected and paid to himself as commissions for collecting and disbursing funds belonging to the several defined special road districts in Red River county. That during the year 1920 he collected and retained as commissions for moneys collected as county treasurer and paid out the sum of $3,328.28. Included in the amount retained by him was the sum of $2,000 as commissions paid to himself for collecting and disbursing funds belonging strictly to Red River county, and that the balance amounting to $1,328.28 represents commissions collected and paid to himself as commissions for collecting and disbursing funds belonging to the several defined road districts in Red River county. * * * That the funds from which the commissions were taken by the said E. L. Canterbury and referred to as funds belonging to the several defined special road districts of Red River county, Tex., had, at the time the commissions were taken, been appropriated to the special road districts and were then on deposit to their credit in their respective depositories. That these special road districts of Red River county referred to herein were established under the special road law of Red River county, Tex."

On the facts found by him the court concluded as matters of law:

"That the county treasurer was not entitled to commissions on funds belonging to the road districts of Red River county in excess of the sum of $2,000; that Red River county has the right to sue for and recover such excess commissions, but for the special use and benefit of such road districts of said county to which the evidence might show the same belongs; that this suit is not brought for the use and benefit of said road districts, but the petition discloses that the same is a suit wholly and exclusively for the use and benefit of Red River county, and therefore that the same cannot be sustained for a recovery of funds belonging to the road districts of said county."

The appeal is from a judgment denying the county (appellant here) any relief and in favor of appellees for costs.

Lennox & Lennox, of Clarksville, for appellant.

Robbins, Edwards & Bailey, of Clarksville, for appellees.

WILLSON, C. J. (after stating the facts as above). The suit by the appellant county was to recover in its own right sums in excess of $2,000 retained by its treasurer in

1919 and in 1920, as commissions he was entitled to (article 3875, Vernon's Statutes as amended in 1920); whereas, the proof at the trial was that such excess did not belong to appellant, but to certain road districts within its limits.

The question (and only one) presented by the appeal is: Did the trial court err when he determined that in such a suit appellant was not entitled to recover on such proof? We think the answer to the question should be in the negative.

[1] It has long been settled law that "a recovery cannot be had on a cause of action not alleged in pleadings, however well it may be supported by proof." Middlebrook v. Zapp, 73 Tex. 29, 10 S. W. 732; Hall v. Jackson, 3 Tex. 305; Bray v. Boyles (Tex. Civ. App.) 241 S. W. 1057; and see Watson v. El Paso County (Tex. Civ. App.) 202 S. W. 126, where it was held that while a county might sue a county tax collector for funds belonging to a drainage district within its limits, it could not recover in such a suit "upon an allegation that such funds belonged to and had been collected for the county."

[2] The cause of action shown by the proof was the act of the county treasurer in wrongfully retaining possession of money belonging to certain road districts existing in Red River county by virtue of law (chapter 31, Spl. Laws 1925), while the cause of action shown by the pleadings was the act of said treasurer in retaining such possession of money belonging to said county. Appellant was not entitled to recover on the cause of action set up in its pleadings because it failed to prove it, and it was not entitled to recover on the cause of action it proved because it failed to allege it.

The judgment is affirmed.