This appeal is from a judgment for $800 in favor of appellee as plaintiff in the trial court against appellant as defendant. Four propositions are urged to show that the judgment is erroneous and should be reversed. The first two propositions complain of the testimony of appellee as a witness in his own behalf as to the market value of a certain automobile as a new car and also its market value after certain alleged defects had become manifest. The witness was permitted to give his opinion on the question of market value, after having testified that he had made an investigation and had ascertained the market value, and that he knew the cash market value of the car in the condition in which it was found to be shortly after he purchased it. The ground of objection to the testimony was that the witness was not shown to be qualified to give his opinion as to the market value. We have reached the conclusion that these propositions should be overruled. The witness having first testified that he had made an investigation, and had ascertained the reasonable market value of the car as a new car, and that he knew the reasonable cash market value of the car in the condition it was in after the defects appeared, the admission of his testimony as to such values is not shown to be erroneous by bills which fail to show what investigation the witness made or how he claims to have ascertained such market value. A witness may, in fact, be not qualified to testify as to market value, even though he says he knows the market value. His information may be wholly hearsay. His only means of knowledge may be such that, as a matter of law, shows he is not qualified to give his opinion. But, when a witness testifies that he knows the market value of property he is prima facie qualified to testify, and it is necessary for one objecting to develop the facts and show by his bill that the knowledge which the witness claims to have is based wholly upon hearsay, or that his sole means of such knowledge is such that, as a matter of law, does not qualify him. If a witness says that he knows the market value of property under investigation, and, in connection with his testimony, states a means of such knowledge which, standing alone, would be insufficient, it is nevertheless necessary for the bill to show that the means of knowledge stated constitutes the only source of such information. Otherwise it will be presumed that the knowledge which the witness claims to have is not derived solely through the means stated. In other words, the facts showing that a witness is not qualified to give his opinion as to market value, when he states that he knows such value, must be affirmatively shown by the bill complaining of his testimony. Pecos N. T. Ry. Co. v. Porter (Tex.Civ.App.) 156 S.W. 267; Houston Belt Terminal Ry. Co. v. Vogel (Tex.Civ.App.) 179 S.W. 268; C., R. I. G. Ry. Co. v. Jones (Tex.Civ.App.) 118 S.W. 759; H. E. W. T. Ry. Co. v. Charwaine, 30 Tex. Civ. App. 633, 71 S.W. 401; M. K. T. Ry. Co. v. Cocreham, 10 Tex. Civ. App. 166, 30 S.W. 1118; Foster v. Burgin (Tex.Civ.App.) 244 S.W. 244.
Another point or proposition relied on for reversal of the judgment is stated as follows:
"Where an alleged cause of action is predicated upon an allegation that an automobile was purchased under a warranty `that said car could give full satisfaction and operate according to the Buick standard of first-class performance,' it is error to submit special issues as to whether or not `the car was in first-class condition and free from defects in material and workmanship.'"
Plaintiff's petition was in three counts or alternative pleas. By the first count, rescission was sought of the sale by appellant to appellee of the automobile, based upon allegations that the car was warranted to be "a new automobile in first-class condition, free from all apparent or latent defects in material and workmanship and was in all respects a first-class automobile, equal to the usual Buick standard in material and workmanship and in perfect condition," and that "through fraud, accident, or mistake" such warranty was breached, by reason of which recovery was sought of the purchase price of the car in the sum of $1,770. By the second count or alternative plea, recovery was sought for breach of a warranty in the sale of the car that it "could give full satisfaction and operate according to the Buick standard of first-class performance"; claim being made for the difference in the purchase price of the *Page 187 
car and what it was actually worth by reason of the fact that it was not as warranted. Also damages were claimed for deprivation of the use of the car. By the third count or alternative plea, recovery was sought of the difference in the purchase price of the car and its actual value after testing, and also damages by reason of the inability of plaintiff to use the car for business and pleasure purposes within the contemplation of the parties, upon the claim of a breach of can implied warranty, in addition to the express warranty claimed in the second count, to the effect "that the car was a good car, a new car, in first-class mechanical condition, and suited to the purpose for which it was purchased, to wit, the use in the business of an attorney at law and as a pleasure car for his (plaintiff's) family.
Defendant's answer properly joined issue on the allegations of the several counts of plaintiff's pleading, and upon the trial the case was submitted to the jury upon special issues, which, with the jury's findings thereon, were as follows:
"Special issue No. 1: Did the defendant represent to the plaintiff that the Buick automobile purchased by plaintiff was in first-class mechanical condition, and free from defects in material and workmanship, before and at the time the plaintiff purchased said automobile? Answer `Yes' or `No.' Answer: Yes.
"Special issue No. 2: Was the said automobile so purchased by plaintiff from defendants in first-class mechanical condition and free from defects in material and workmanship at the time same was sold to plaintiff by the defendants? Answer `Yes' or `No.' Answer: No.
"Special issue No. 3: If you have answered special issue No. 2 `No,' then answer the following special issue: What was the difference, if any, in the market value of the automobile as sold the plaintiff in the condition in which it was actually in at the time of the sale and in the condition it would have been in if it had been in first-class mechanical condition and free from defects in material and workmanship? Answer in dollars and cents. Answer: $800."
The judgment of the trial court was expressly against appellee upon his claim for rescission. Since judgment was based upon the jury's findings upon the special issues quoted above, the plaintiff's claim upon an implied warranty was as effectually eliminated from consideration as the claim for rescission. From this it results that the pleadings that must be looked to for support of the judgment are the allegations embodied in the second count or alternative plea, alleging breach of a warranty "that said car could give full satisfaction and operate according to the Buick standard of first-class performance." The allegations of this count or alternative plea are very meager. We understand the rule to be that, when plaintiff elects to plead in separate counts or to allege causes of action, one alternative to another, the allegations in each count or alternative plea must be complete and sufficient in themselves to support a judgment. It is, no doubt, permissible in one count or alternative plea, to refer to and adopt some of the allegations in another, rather than to repeat, but this would constitute no deviation from the rule as stated. Tested by such rule, it is very doubtful if the second count upon which the judgment in this case is predicated is sufficient, but we do not find it necessary to determine this question. If it be conceded that everything else alleged in the entire pleading not inconsistent with the allegations in the second count are to be treated as the pleadings upon which the judgment is predicated, the same conclusion will follow. The warranty alleged in the count for rescission and the implied warranty alleged in the third count are entirely different from the express warranty alleged in the second count, Since the judgment expressly excludes any recovery on the count for rescission and necessarily excludes any recovery on implied warranty, the issues submitted and found being with reference to an express representation, it follows that the question we are called upon to decide is whether or not a verdict of the jury finding the existence and breach of a warranty that "the automobile was in first-class mechanical condition and free from defects in material and workmanship" is sufficient to support a judgment under allegations of a warranty and breach thereof to the effect "that said car could give full satisfaction and operate according to the Buick standard of first-class performance."
The question thus raised has a double aspect: (1) Is it error to predicate a judgment upon such a verdict involving such variance between the verdict and the pleadings; and (2) if so, is the error of such nature and so presented as to require our consideration. We have no difficulty in reaching the conclusion that the variance between the verdict of the jury and the pleadings is such as to show that there was error in submitting special issues 1 and 2 to the jury as they were, in fact, submitted. A proper objection to the submission of said special issues timely made and properly assigned to the effect that same were not responsive to the pleadings would have been good. G., C. S. F. Ry. Co. v. Pryor (Tex.Civ.App.) 238 S.W. 1040; Jamison Gin Co. v. Measels (Tex.Civ.App.) 207 S.W. 365; Stevenson v. Barrow (Tex.Civ.App.)265 S.W. 602; San Antonio Traction Co. v. Yost, 39 Tex. Civ. App. 551,88 S.W. 428; Denison v. League, 16 Tex. 408; Middlebrook v. Zapp,73 Tex. 29, 10 S.W. 732; Cooper v. Loughlin, 75 Tex. 524, 13 S.W. 37; Sorenson v. City Nat. Bank (Tex Civ. App.) 273 S.W. 638; Ridgell v. Farmers' Nat. Bank (Tex.Civ.App.) 275 S.W. 858; Roark v. Prideaux (Tex.Civ.App.) 284 S.W. 624.
Appellee insists, however, that, in order *Page 188 
to have the action of the trial court in this respect reviewed by us, it was necessary for appellant to have objected to the giving of the special issues before same were given and to have preserved the objection by a bill of exception under the provisions of R.S. 1925, art. 2185, which provides that all objections not so made and presented shall be considered as waived. This presents a question of some difficulty. In addition to the cases of Loeb v. T. N. O. Ry. Co. (Tex.Civ.App.) 186 S.W. 378, Needham v. Cooney (Tex.Civ.App.) 173 S.W. 985, and McKenzie v. Imperial Irrigation Co. (Tex.Civ.App.) 166 S.W. 495, cited by appellee on this point, we have also considered other cases to the same effect, as follows: Gestean v. Bishop (Tex.Civ.App.) 180 S.W. 302; Alderete v. Cabello (Tex.Civ.App.) 278 S.W. 950; McKenzie v. Imperial Irrigation Co. (Tex.Civ.App.) 166 S.W. 495; Mynatt v. Agee (Tex.Civ.App.) 214 S.W. 935; Parsons v. Hubbard (Tex.Civ.App.) 226 S.W. 441; Texas Electric Ry. Co. v. Barton (Tex.Civ.App.) 213 S.W. 689. All these cases seem to hold that, unless an objection is timely made and presented by proper bill, an error of this kind, even of a fundamental nature, is waived, and cannot be considered by the Court of Appeals. These decisions seem to be in conflict with certain other decisions, among which may be named Jones v. Hall (Tex.Civ.App.) 168 S.W. 465; H. T. C. Ry. Co. v. Lackey (Tex.Civ.App.) 33 S.W. 768; G., C. S. F. Ry. Co. v. Vieno (Tex.Civ.App.) 26 S.W. 230; Davis V. Morris (Tex.Civ.App.) 257 S.W. 328.
Some of this conflict in authority may be reconciled upon a showing that certain of the decisions were before the act of 1913 (Laws 1913, c. 59) now embodied in R.S. 1925, art. 2185, and others afterward. We do not deem it necessary to undertake to harmonize the decisions or to determine the rule that is to govern when the objection is simply to the giving of instructions or special issues to the jury having no proper basis in the pleading.
We think there is no conflict of decision upon the proposition that a judgment which is based upon a verdict determining an issue not made by the pleadings is fundamentally erroneous and not required to be assigned. If this be true, then it is not of much consequence that the point cannot be raised as an objection to the submission of special issues or instructions to the jury as such, since we are required to notice it as a fundamental error in the judgment itself. That it is fundamental error to predicate a judgment upon a verdict upon issues not made by the pleadings has been settled by ample authority, of which the following may be cited: Indiana Co-operative Canal Co. v. Gray (Tex.Civ.App.) 184 S.W. 242; Evants v Erdman (Tex.Civ.App.) 153 S.W. 929; San Antonio Traction Co. v. Yost (Tex.Civ.App.) 88 S.W. 428; The Homesteaders v. Stapp (Tex.Civ.App.)205 S.W. 743.
Because, therefore, the judgment in this case has its sole support upon findings of the jury that have no basis in the pleading, the cause must be reversed and remanded for a new trial.
Reversed and remanded.