## TULSA PIPE & SUPPLY CO. OF TEXAS v. EMMELL. (No. 3042.)

Court of Civil Appeals of Texas. Amarillo. Oct. 3, 1928.

Madden, Adkins & Pipkin, of Amarillo, for appellant.

McBride, McBride & Harney, of Borger, for appellee.

JACKSON, J. This suit was instituted in the district court of Hutchinson county, Tex., by the appellee, E. C. Emmell, against the appellant, the Tulsa Pipe & Supply Company of Texas, a corporation.

The appellee alleges that on or about the 19th day of April, 1926, he was employed by the appellant "at an agreed salary of $250.00 per month and a commission which he was to receive of 6½ per cent of the net profits realized from the sales of oil well supplies" sold by appellant at its plant at Borger, Tex.

Appellee alleges, on information and belief, that the net profits realized by appellant on its sales of oil well supplies at said plant, were more than $30,000, and gives notice in his pleading to appellant to produce its rec-

ords, books, etc., relative to such sales; that he was paid in full for the salary of $250 per month for the time he was employed by appellant, but that appellant failed and refused to settle with him for "the commission of 6½ per cent upon the net profits" of the sales made by it; that, in accordance with the contract and agreement as aforesaid, whereby appellee "was to receive 6½ per cent of the net profits realized from the sale of oil well supplies, that he is entitled to the sum of $1,950.00," which the appellant has failed and refused to pay.

The appellant answered by general demurrer, general denial, and pleaded that the contract by which appellee was employed was to the effect that appellee was to receive $250 per month for his services and no more so long as he remained in the employ of appellant, and that appellee had been paid in full for such services.

In response to special issues submitted by the court, the jury found that appellant agreed to pay appellee 6½ per cent. of the net profits on its sales of oil well supplies at Borger, Tex., and that 6½ per cent. of the net profits on said sales was the sum of $1,950.

Upon these findings, judgment was rendered that the appellee recover from the appellant the sum of $1,950, with interest at 6 per cent. per annum thereon from September 15, 1926, from which judgment this appeal is prosecuted.

The appellant, by proper assignments, presents as error the action of the trial court in rendering judgment against it, in refusing to direct a verdict in its favor, and in admitting, over its objection, the testimony of appellee that appellant agreed to pay appellee, in addition to the $250 per month, "between six and seven per cent of the profits on the sales of fittings," because there is a fatal variance between the allegations in appellee's petition, as to the contract of employment and the testimony offered to prove the contract.

It will be noted that the appellee's allegations as to the contract of employment are that he was employed by appellant "at an agreed salary of $250.00 per month and a commission which he was to receive of 6½ per cent of the net profits realized from the sale of oil well supplies" at Borger, Tex.

The appellee testified that he had an agreement with the appellant with reference to his employment, and proceeds:

"I will state that the arangement was—he asked me what I would go down and work for and I asked him what kind of a proposition he had and he said if I would go down and handle those fittings that he would give me $250.00 a month, a house for my family, and between six and seven per cent of the profits on the sales for the fittings."

There is not a line of testimony in this record that appellant promised to pay the appellee 6½ per cent. of the net profits upon the sale of oil well supplies.

It is held in this state, by an unbroken line of authorities, that:

"The proofs must be according to the allegations of the parties; and if the proofs go to matters not within the allegations, the court cannot judicially act upon them as a ground for its decision; for the pleadings do not put them in contestation. The allegata and probata must reciprocally meet and conform to each other." Mims v. Mitchell, 1 Tex. 443.

It is equally well settled that, no matter how well a cause of action is established by proof, there can be no recovery unless the cause of action so established is pleaded. Red River County v. Graves et al. (Tex. Civ. App.) 288 S. W. 544; Newton County v. Ellis (Tex. Civ. App.) 285 S. W. 691; Smith Detective Agency & Night Watch Service v. Town of Highland Park (Tex. Civ. App.) 5 S.W.(2d) 598.

In our opinion, the proof was insufficient to authorize the jury's finding that the appellant agreed to pay appellee 6½ per cent. of the net profits on the sale of oil well supplies, and the court was not authorized to enter a judgment on the findings of the jury against appellant for the sum of $1,950, because the appellee failed to prove his cause of action as alleged.

The judgment is reversed, and the cause remanded.