## BREWTON v. BUTLER. (No. 518.)

Court of Civil Appeals of Texas. Eastland.
Dec. 14, 1928.

Jeff Fowler and B. F. Reynolds, both of Throckmorton, for appellant.

A. M. Howsley, of Albany, for appellee.

LESLIE, J. The plaintiff, G. C. Butler, sued the defendant, F. O. Brewton, in the district court of Throckmorton county, and obtained a temporary writ of injunction, restraining the defendant from managing and participating in the operation of a drug store. Motion to dissolve the injunction was overruled, and the cause came on for trial at a regular term of the court, at which time, upon a trial before court and jury, a judgment was rendered favorable to plaintiff and perpetuating the injunction. The defendant appeals.

The plaintiff's cause of action is, in substance: That he, as the sole owner of a drug store at Woodson, Tex., did on September 1, 1926, "employ the defendant to work in said store * * * in the capacity of manager * * * and for said service was to receive one-half of the net profits derived from said business during the time the defendant was employed in the same." That on September 1, 1927, an audit of the business showed a net profit of $4,093.65, and that the defendant had drawn from the business $2,296.65, which was in excess of the defendant's earnings under the contract. That the contract was verbal and provided that the plaintiff or the defendant might terminate the same at any time at their option, or option of either. That on September 28, 1927, the plaintiff exercised the option to terminate the contract and demanded of the defendant the discontinuance of his services in the drug store. That the defendant refused to withdraw therefrom and surrender the same to the plaintiff. That the defendant is insolvent, and further interference and control of the business by him will work irreparable injury, etc., entitling the plaintiff to the injunction.

The defendant Brewton answered by general denial, and specially alleged that he and the plaintiff associated themselves as copartners in said drug business upon an agreement that plaintiff, Butler, should purchase the business, building, etc., for $4,500 and that he (the defendant) should take charge and manage the business, placing his executive ability, time, and labor against the defendant's money, and that the net profits accruing from the business should be divided equally between them; that in this connection "it was further agreed that when the *profits accruing to the plaintiff* should have amounted to the sum of $2250.00 or one-half of the plaintiff's investment, then and in that event the defendant would be entitled to and would become owner of one-half of the business, including stock, building, etc."

It was further alleged: That the defendant should continue to operate and manage the business upon said basis, and that he did take charge of the same on September 1, 1926, and continued in charge thereof until September 30, 1927, at which time the writ of injunction herein deprived him of further participation in the business. That the net profits accruing to the plaintiff, Butler, during the time the defendant was in charge of the business, amounted to more than $2,250, and that the defendant's withdrawal from the business during said period of time amounted to the sum of $1,800. That the defendant, by reason of his compliance with the terms

of the contract, was the owner of a one-half interest in said business, etc., and entitled to have the injunction dissolved and his rights recognized.

By verified plea the plaintiff denied the allegations of partnership relations set up by the defendant. At the close of the testimony the case was submitted to the jury upon the following special issues:

"No. 1. Did the plaintiff Butler and the defendant Brewton agree that when the defendant's one-half of the profits accruing to him from the operation of the business in question had amounted to $2250.00 more than the amount or amounts which the defendant had withdrawn from the business, that he, the defendant Brewton would then be an owner of one-half of said business? Answer Yes or No." (The jury answered, "Yes.")

"If you answer the foregoing special issue No. 1 in the affirmative or Yes, then answer the following special issue:

"No. 2. Did the profits accruing to the defendant Brewton from the operation of the business in question up to and including the 30th day of September, 1927, amount to as much as $2250.00 more than the amount or amounts withdrawn from the business by defendant Brewton? Answer Yes or No." (The jury answered, "No.")

"If you answer special issue No. 1 in the negative, then you will answer the following special issue:

"No. 3. Did the plaintiff Butler and the defendant Brewton agree that when the plaintiff Butler's part of the profits accruing to him from the operation of the business in question had amounted to $2250.00 that the defendant Brewton would then be an owner of one-half of said business? Answer Yes or No.

"If you answer special issue No. 3 in the affirmative then answer the following special issue:

"No. 4. On the 30th day of September, 1927, had the plaintiff Butler's part of the profits accruing from the operation of the business in question amounted to as much as $2250.00? Answer Yes or No."

Under the court's directions the jury did not answer issues 3 and 4. It is obvious from the plaintiff's petition that his contention refutes all ideas of a partnership relation having been entered into between him and the defendant, and that at most the defendant was merely his manager, whom he had the right to discharge at his option. On the other hand, the defendant's theory is that he matched the plaintiff's investment of so much money with his "executive ability, time and labor," upon an understanding that the net profits of the enterprise were to be divided equally between them, and that so soon as such *"profits accruing to the plaintiff"* amounted to $2,250, or one-half of the plaintiff's investment, the defendant would be en-titled to and would become the owner of one-half of the business, etc.

A casual examination of issues 1 and 2 in the light of the pleadings discloses that they present a theory different to that presented by the pleadings of either the plaintiff or the defendant. The issues as presented are substantially in accord with the plaintiff's testimony, but the issues are without pleadings to support them, and it is a fundamental error to submit an issue without any basis in the pleading. A judgment resting upon the answers of the jury to issues unsupported in the pleadings is fundamentally erroneous and must be noticed, although not assigned. Holloway Seed Co. v. City Nat. Bank, 92 Tex. 187, 47 S. W. 95, 516; San Antonio Traction Co. v. Yost, 39 Tex. Civ. App. 551, 88 S. W. 428; Provident Life & Accident Ins. Co. v. Johnson (Tex. Civ. App.) 235 S. W. 650; West Texas Utilities Co. v. Nunnally (Tex. Civ. App.) 10 S.W.(2d) 391; Sivalls Motor Co. v. Chastain (Tex. Civ. App.) 5 S.W. (2d) 185; Miller v. Pettigrew (Tex. Civ. App.) 10 S.W.(2d) 163.

This necessitates reversal of the judgment appealed from, but in view of another trial we make the following observations:

It has long been the established rule in this state, as announced in the early case of Mims v. Mitchell, 1 Tex. 443, that: "The proofs must be according to the allegations of the parties; and if the proofs go to matters not within the allegations, the court cannot judicially act upon them as a ground for its decision; for the pleadings do not put them in contestation. The allegata and probata must reciprocally meet and conform to each other."

By an inspection of the plaintiff's testimony contained in the record, it is apparent that it does not reciprocally meet and conform to his pleadings. On the other hand, said allegations and proof are mutually destructive of each other by reason of their variance, and it is well settled that a recovery must be had, if at all, upon the pleading relied upon.

It is equally well settled that, no matter how well a cause of action is established by proof, there can be no recovery unless the cause of action so established is pleaded. Tulsa Pipe & Supply Co. of Texas v. Emmell (Tex. Civ. App.) 10 S.W.(2d) 143; Red River County v. Graves et al. (Tex. Civ. App.) 288 S. W. 544; Newton County v. Ellis (Tex. Civ. App.) 285 S. W. 691; Smith Detective Agency v. Town of Highland Park (Tex. Civ. App.) 5 S.W.(2d) 598.

Special issues 3 and 4 were not submitted to the jury for their determination. These issues seemed to embody the defendant's contentions, but the manner in which 1 and 2 were submitted amounted to a withdrawal of these latter issues from the jury. While no question seems to have been made of this omission to thus submit the defend-

ant's theory, yet in view of another trial we desire to call attention to the line of authorities which hold that, in submitting a case upon special issues, both the litigants are entitled to have their theories of the case and the facts constituting the cause of action on the one hand, and the matters pleaded in defense (and supported by testimony) on the other hand, affirmatively submitted for the determination of the jury. The authorities are: Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Colo. & So. Ry. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; Wichita Valley Ry. Co. v. Williams (Tex. Civ. App.) 6 S.W.(2d) 439; Robinson v. Ætna Life Ins. Co. (Tex. Com. App.) 276 S. W. 900; Northern Texas Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220; Oilbelt Motor Co. v. Luke Hinton (Tex. Civ. App.) 11 S.W.(2d) 338.

If this litigation continues on the theories indicated by the testimony, there should be something more definite by way of pleadings and proof as to when the arrangement between the litigants terminated, or necessarily should have done so. Something more definite should be shown as to when the defendant's rights and performances, if any, under the contract, matured into a one-half interest in the business. The plaintiff seems to think a "year" was the limitation of such time. The defendant appears to be of opinion that such time was "indefinite," and the court and jury might agree with either or neither.

For the foregoing reasons the judgment of the trial court is reversed, and the cause remanded for another trial.