## WICHITA FALLS TRACTION CO. v. ELLIOTT.

### No. 12677.

Court of Civil Appeals of Texas. Fort Worth. July 13, 1935.

Rehearing Denied Sept. 6, 1935.·

See answers by Commission of Appeals to certified questions in 81 S.W.(2d) 659.

Bert King, of Wichita Falls, for appellant.

T. R. Boone and Kearby Peery, both of Wichita Falls, for appellee.

LATTIMORE, Justice.

The issue of res ipsa loquitur was disposed .of by the answers to our questions certified to the Supreme Court. 81 S.W. (2d) 659.

The court in submitting the amount of damages to the jury said:

"In answering the foregoing issue you may take into consideration his pain and suffering, if any, the loss of earning capacity by reason of the injury or impairment of his right hand, if any, the loss or impairment of his feet, if any, which you may find from a preponderance of the evidence the plaintiff has suffered or sustained up to the date of this trial.

"You are instructed, also, that you may take into consideration the pain and suffering, if any, the loss of earning capacity to his hand, if any, or loss or impairment of his feet, if any, which you find from a preponderance of the evidence it is reasonably probable the plaintiff will suffer or sustain in the future as a direct result of said injury, if any, that plaintiff received while a passenger on the defendant's street car, on the 4th day of July, 1930."

The plaintiff did not claim by pleading or proof "the loss of his feet." The most that can be said of either is that he claimed that at times his feet swelled so he could not walk.

Appellant's exceptions to the charge do not point out this error other than that the charge allows recovery for injuries not pleaded, which we think ·too general, since it does not specify which of the various elements of recovery named in the charge are not pleaded. We think, however, that want of any pleading to support the charge on recovery is fundamental error. San Antonio Traction Co.. v. Yost, 39 Tex. Civ. App. 551, 88 S. W. 428; Per-

kins v. Lightfoot (Tex. Civ. App.) 10 S.W. (2d) 1030; Brewton v. Butler (Tex. Civ. App.) 12 S.W.(2d) 228.

The motion for rehearing is granted. Our former judgment is set aside, and the judgment of the trial court is reversed and the cause is remanded.