## AMERICAN INDEMNITY CO. v. COLORADO COUNTY.

### No. 9990.

Court of Civil Appeals of Texas. Galveston.
July 19, 1934.

Rehearing Denied Sept. 27, 1934.

734

Terry, Cavin & Mills, Joyce Cox, and Rupert R. Harkrider, all of Galveston, for appellant.

E. R. Spencer and Chas. D. Rutta, both of Columbus, for appellee.

LANE, Justice.

Colorado county, Tex., brought this suit against Jesse H. Moore, as county treasurer of said county, and against the American Indemnity Company as surety upon the several official bonds given by said Moore as such county treasurer covering the years 1927 to 1931, inclusive. A recovery of the sum of $4,903.08, consisting of numerous items falling into two classifications, is sought. Such classifications are: First, $2,397.97, consisting of moneys retained by Moore, treasurer, as commissions in excess of the maximum $2,000 per annum permitted by law to be retained by him; and, second, $2,505.11 of moneys coming into his hands as such treasurer which were unlawfully appropriated by Moore to his own personal use.

Defendant Jesse Moore answered by general demurrer, general denial, and by specially alleging that the plaintiff's suit for the item of $210.46, alleged by the plaintiff to have been in excess of lawful commissions for the year beginning January 1, 1927, and ending on the 31st of December, 1927, was barred by the four-year statute of limitation (Vernon's Ann. Civ. St. art. 5527), and that all claims not based upon the bond of this defendant are barred by the two-year statute of limitation (Vernon's Ann. Civ. St. art. 5526).

Defendant American Indemnity Company, answering, adopted the answer of defendant Moore.

By supplemental petition plaintiff alleged that the shortage and misapplication of funds by Moore was not known to the county judge and commissioners' court of Colorado county until on or about February, 1932; that, by reason of such want of knowledge, neither of the statutes pleaded by defendants became operative prior to said discovery of such shortage and misapplication.

By a joint supplemental answer, defendants demurred generally to the allegations of the plaintiff's petition and denied generally such allegations.

After both parties had offered their evidence and closed, the court instructed a jury, which had been chosen and sworn to try the cause, to return its verdict for the plaintiff against the defendants for the sum of $4,693.02, same being the sum sued for, less the sum of $210.46, which the court found to be barred by the statute of limitation pleaded by defendants. Such verdict was returned, and judgment was thereupon rendered for the plaintiff for the sum of $4,693.02. Thereafter it was discovered that an error of 40 cents had been made in the deduction of the said $210.46, and the plaintiff filed its remittitur for 40 cents, and the judgment was corrected so as to adjudge to the plaintiff the sum of $4,692.62. From the judgment rendered, the American Indemnity Company has appealed.

By appellant's propositions 1, 2, 3, and 4, it substantially contends that the court erred in rendering judgment for the plaintiff, Colorado county, in that the plaintiff alleged that Jesse Moore, county treasurer, appropriated to his own use $4,903.08 belonging to said county; that, having so alleged, the burden was upon the plaintiff to prove that the moneys so appropriated by Moore to his own use, if any, belonged to the plaintiff county, and that it failed to prove that such moneys did belong to said county.

Appellant's contention under such propositions is that, since plaintiff alleged the moneys, $4,903.08, for which recovery was sought, belonged to the plaintiff, it was not entitled to a recovery of same, because the evidence affirmatively shows that, of said sum sued for, $2,423.25 belonged to certain road and drainage districts in said county, and not to the county; there being no pleading that recovery was sought for the use and benefit of such road and drainage districts, and by its propositions 5 and 6 it contends as follows:

"Recovery by appellee for funds held by defendant Moore, County Treasurer of appellee, for Drainage Districts Nos. 1, 2, and 3 of Colorado County, Texas, totaling $486.74, is improper upon allegations that such funds belonged to appellee and had been turned over to him for appellee."

"Recovery by appellee for funds held by defendant Moore, County Treasurer of appellee, for Road Districts Nos. 1, 2, and 3 of Colorado County, Texas, totaling $1,936.51 is improper upon allegations that such funds be-

longed to appellee and had been turned over to him for appellee."

During the four-year period of 1928 to 1931, inclusive, defendant Moore retained as commissions from the funds belonging to a drainage district the sum of $266.15, which sum was included in the judgment rendered.

Since this appeal has been perfected, appellee has filed in this court a remittitur of said sum of $266.15, and $210.46 barred by limitation, that being the sum belonging to the drainage district sued for, and praying that the judgment be so reformed as to deduct said sum from the amount adjudged, and, since we have allowed the remittitur, we overrule appellant's contentions.

The audit of the account of Treasurer Moore showed that Moore appropriated to his own use, as commissions, from the several funds in his custody as county treasurer, the sum of $2,411.54, which to that amount was in excess of the commissions he was permitted by law to retain, and the undisputed evidence shows that, in addition to the said sum of $2,411.54, he withdrew from funds in his custody as county treasurer the further sum of $2,505.11, both sums amounting to $4,916.65, a sum slightly more than the total sum sued for.

It having been shown by the undisputed evidence that J. H. Moore was, as alleged, county treasurer, that as such treasurer he received the moneys sued for, that his official bond, executed by appellant, American Indemnity Company, as surety, covered such money which belonged to several county funds, $266.15 to a certain drainage district and parts thereof to county road districts Nos. 1, 2, and 3 of Colorado county, and that Moore failed to account for or pay over said moneys when called upon to do so, but defaulted in such payments, no fact was left to be submitted to the jury for its determination, and the only questions left for determination were questions of law, which the judge and not the jury was called upon to decide.

The court directed the jury to deduct $210.46 from the $4,903.08 sought to be recovered by appellee; thus recognizing the plea of limitation interposed by defendants to excess commissions sought to be recovered by the county, which were retained by defendant Moore during the year 1927, and the jury returned a verdict accordingly.

The commissions retained by Moore in 1927 included money derived from drainage district funds. Thus all drainage district funds retained prior to the year 1926 were eliminated from this case.

Appellee having now filed its remittitur in this court covering $266.15, being all other commissions retained out of drainage district funds by defendant Moore, the entire question of drainage district funds is eliminated from this case and this appeal.

Since the entire question of drainage district funds has been eliminated from the case and this appeal, the only remaining question is, Were funds deposited in the county treasury, collected for the construction and maintenance and operation of district roads, county funds for which the county could maintain its suit under its pleading?

By article 738, Revised Civil Statutes of 1925 (repealed by Acts 1926 [1st Called Sess.] c. 16, § 30), it is provided that, before road bonds issued by any county or road district shall be put upon the market, the county commissioners' court of the county where the bonds were issued shall levy a tax sufficient to pay the interest on such bonds and to provide a sinking fund to pay such bonds at maturity, and by article 742 (repealed by Acts 1926 [1st Called Sess.] c. 16, § 30) it is provided, relative to the custody and designation of road funds, as follows: "The county treasurer is custodian of funds collected by virtue of this law, and shall deposit them with the county depository *as county funds*, and pay the interest and principal as it becomes due on such bonds out of the funds so collected." (Italics ours.)

▪ Moneys in a county treasury set aside in particular funds to be accumulated and paid out only for certain purposes and for the benefit of certain defined districts within the county, by the county acting through its commissioners' court and its county treasurer, in the same manner as funds existing for the benefit of the whole county and which are covered and secured by the county treasurer's official bond, as such, are county funds and the property of the county, and the county may sue upon the official bond of the county treasurer for such funds lost through embezzlement or defalcation of such treasurer, in its own name and behalf, without alleging or proving that recovery is sought for a particular defined area within the county.

▪ The ordinary road district consisting of a defined area within a county created under the provisions of articles 726 to 751, inclusive, R. C. Statutes of 1925 (repealed by Acts 1926 [1st Called Sess.] c. 16, § 30), where not more completely organized and provided with an administrative and governing body of its own, distinct from and more or less independent of the commissioner's court, by a

local and special road tax law as has been done by it relative to drainage districts, is an incomplete corporate entity.

The county, in its corporate capacity, with respect to the funds of such a road district, is by law in the possession and control of such funds in the capacity of trustee under an express trust, its duties as such being strictly defined by law, and in such capacity it may sue for the recovery of such funds in its own name and without making such suit, to the use of the cestui que trust.

The express duties with regard to the levy and collection of taxes and the custody and disbursement of such road district funds, placed upon the county, in the persons of its administrative officers, by the law, fulfills every requirement for the creation of an express trust with the county, in its corporate capacity as trustee.

It therefore necessarily follows that the county may maintain this suit as plaintiff in its own name, not only for general funds of the whole county, but also for funds in its custody under such trust.

This principle is clearly maintained by the United States Circuit Court of Appeals in the case of Title Guaranty & Surety Co. v. Baglin, 178 F. 682, at page 686, in which the court said:

"It is * * * contended that, as Heinze was the real party in interest, and the plaintiff had no pecuniary interest but was simply the agent of Heinze in the transactions above recited, plaintiff was not entitled to maintain, in his own name, the action against the defendant on the bond. * * * Baglin was the legal plaintiff in the case, and as such, the real plaintiff. He was the obligee named in the bond, and no one else than he could properly have been plaintiff, or maintained an action thereon.

"His relation to Heinze, disclosed by the evidence in the case, and Heinze's interest in the transactions, which have been recited, could in no wise alter or affect the rights of plaintiff to bring this suit, or the legality of his status as plaintiff. * * *

"We believe it has never been held at common law or required by statute, that such a trustee (under an express trust) may not bring suit in his own name, in pursuance of the duties imposed upon him by the trust, and no marking of the suit to the use of the cestuis que trust is necessary to the exercise of his legal right."

The cases of Watson v. El Paso County (Tex. Civ. App.) 202 S. W. 126, Harris County Drainage District v. City of Houston (Tex. Com. App.) 35 S.W.(2d) 118, and American Surety Co. v. Hidalgo County (Tex. Civ. App.) 283 S. W. 267, cited by appellant as supporting its contention that road district funds are not to be considered as county funds, are, we think, not applicable to the present case, as all those cases were suits involving drainage district funds and not road district funds.

If it be conceded that the decision reached by the Texarkana court in Red River County v. Graves (Tex. Civ. App.) 288 S. W. 544, is correct under the facts of that case, we are not prepared to hold that that case should control the decision of the present case.

In the opinion in the Red River Case it is said: "That the funds from which the commissions were taken by the said E. L. Canterbury and referred to as funds belonging to the several defined special road districts of Red River county, Tex., *had, at the time the commissions were taken, been appropriated to the special road districts and were then on deposit to their credit in their respective depositories.* That these special road districts of Red River county referred to herein were established under the special road law of Red River county, Tex."

In the present case, the funds collected by the county for the construction, maintenance, and operation of roads in road districts were under the provisions of article 742, supra, deposited with the county treasurer, *as county funds.* No part thereof had been separated by deposit from the other funds belonging to the county, and no part thereof was ever deposited in the respective depositories of such road districts, as had been done in the Red River Case.

Having reached the conclusions above expressed, we think the judgment in favor of appellee for the sum of $4,692.62 should be reformed by deducting therefrom the sum of $266.15, remitted by appellee by its remittitur filed in this court, and that, after such reformation, the judgment should be affirmed, and it is accordingly so ordered.

Reformed and affirmed.